■ In the Matter of LIBERTY LINES EXPRESS, INC., Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered August 4, 1988, the petition seeking to review nine determinations of respondent New York City Environmental Control Board, dated February 24, 1988, which found petitioner in violation of various sections of the New York City Air Pollution Control Code (Administrative Code of City of New York § 24-101 *et seq.),* is unanimously denied, the proceeding dismissed, and respondent's determinations confirmed, without costs.

The determinations under review involve nine notices of violation issued during 1985 and 1986, charging that buses owned, but not operated, by petitioner were observed, on two

occasions, emitting visible air contaminants while stationary for more than 10 consecutive seconds in violation of Administrative Code § 24-143 (a) (formerly § 1403.2-9.05 [a]), idling for more than three minutes on two occasions, in violation of section 24-163 (formerly § 1403.2-11.15) and, on five occasions, emitting visible air contaminants after having traveled in excess of 90 yards from a stationary position in violation of section 24-143 (b) (formerly § 1403.2-9.05 [b]).

The determinations are supported by substantial evidence. In three instances, they are based upon eyewitness testimony of citizen complainants and in the others, the eyewitness testimony of inspectors from the Department of Environmental Protection. In addition, in the case of the three citizen-initiated complaints, there was videotaped evidence, although on the idling violation, the Administrative Law Judge found the videotape superfluous. With respect to respondent's interpretation of the pertinent statutes (Administrative Code § 24-104 [1], [26]; §§ 24-143, 24-180 [b]; § 24-163), we note the difficulty of quantification with respect to the criteria establishing the emission of visible air contaminants. However, where the language of the statutes is clear on its face, it should be construed so as to give effect to its plain meaning *(see, Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675). Moreover, courts will ordinarily "defer to the construction given statutes and regulations by the agencies responsible for their administration, if said construction is not irrational or unreasonable" *(Matter of Albano v Kirby,* 36 NY2d 526, 532). Here, respondent's interpretations of the applicable statutes are reasonable in its attempts to enforce the Air Pollution Control Code, which is to be liberally construed so as to effectuate its stated purpose, i.e., controlling and reducing air pollution (Administrative Code § 24-102).

We have considered petitioner's other arguments and find them unpersuasive. Section 24-180 (b) (2) of the Administrative Code explicitly makes an owner a culpable party, regardless of whether it actually operates the buses. In addition, no conflict of interest is implicit because one of the members of respondent Board had been involved, as senior counsel at the Natural Resources Defense Council, in initiating three of these violations. That Commissioner recused himself from all aspects of these proceedings. Likewise, petitioner's claim of laches lacks merit, since it addresses the period prior to the issuance of the notice of violation rather than the period after their issuance, which is not in issue. The prosecuting agency, the Department of Environmental Protection, acted within a

reasonable time of receiving citizen-initiated complaints *(see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 179).* Concur—Kupferman, J. P., Milonas, Wallach and Rubin, JJ.