■ In the Matter of NEW YORK TELEPHONE COMPANY, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of ELLEN G. CATES, Respondent. [634 NYS2d 691] —Application by the petitioner New York Telephone Company to annul the determination by the respondent, New York State Division of Human Rights, dated May 13, 1994, transferred by an order of the Supreme Court, New York County (Martin Schoenfeld, J.), entered September 1, 1994, finding that petitioner unlawfully discriminated against complainant Ellen G. Cates, by denying her a promotion because of her race, and awarding her back pay and $75,000 in compensatory damages for mental anguish, is unanimously granted, and the determination annulled, without costs or disbursements.

The Acting District Manager in the Power District of petitioner Telephone Company where complainant Ellen G. Cates worked as District Secretary selected Susan Manor, an African-American who was the Facilities Assistant, to be promoted to a new Engineer position, and then promoted Carolyn Domkowski, a white woman, to the Facilities Assistant position. This manager had not interviewed other candidates for either the Engineer or the Facilities Assistant position. Complainant filed a complaint with the respondent and after hearings, an Administrative Law Judge concluded that petitioner had discriminated against Cates on the basis of race

in violation of Executive Law § 296. Thereafter, the respondent Division adopted the Administrative Law Judge's findings and recommendations in full.

Once the complainant establishes a prima facie case of racial discrimination, the employer bears the burden of establishing a legitimate non-discriminatory business reason for its actions. If the employer sustains its burden, the complainant must then establish by a preponderance of the evidence that the business reason proffered is not true and is a pretext for discrimination (*McDonnell Douglas Corp. v Green*, 411 US 792).

Upon review, this Court must uphold the Commissioner's findings if they are supported by substantial evidence (*Matter of Consolidated Edison Co. v New York State Div. of Human Rights*, 77 NY2d 411). Substantial evidence is that from which " 'an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273).

The record in this case is devoid of evidence supporting the conclusion that Cates was denied promotion because of her race. In contrast, the substantial evidence supports petitioner's position that it had legitimate business reasons for promoting Domkowski instead of Cates.

The petitioner insisted that Cates failed to establish that she was qualified for the job because she did not show that she was familiar with the Telephone Company's power equipment. The agency rejected this argument by finding that the Facilities Assistant position was not a technical position. However, given the specific job description and requirements of the Facilities Assistant position, the agency's finding in this regard was not rational or supported by the record. Further, in view of the evidence of Cates' skill level and area of expertise, the respondent's finding that she was duly qualified for the position was also not supported by the record. Cates' duties as District Secretary were primarily secretarial. She presented no evidence indicating that she possessed, nor desired to obtain, more than minimal knowledge in the area covered by the new position. In contrast, the evidence demonstrated that Domkowski was quite familiar with the equipment, having already performed some of the job duties of the Engineers and Facilities Assistants. Moreover, Domkowski had a four year college degree and had studied physics and calculus, both of which would be instrumental in the new job. On the other hand, Cates, while she had earned two Associate degrees, had not studied either physics or calculus.

The respondent may not substitute its judgment for that of the employer with regard to hiring and promotion (*Matter of Sperry Rand Corp. v State Human Rights Appeal Bd.*, 46 AD2d 678). In order to interfere with the employer's discretion, the respondent must establish that complainant was rejected solely because of her race or color (*supra*). The evidence here contains ample indication that Cates was rejected for reasons other than race, including, *inter alia*, her lack of knowledge of and interest in the area.

Even assuming that Cates established that she was qualified for the job, she did not establish that she was more qualified than Domkowski. Nor was there substantial evidence presented at the hearing to support any finding that the promotional environment at petitioner adversely affected protected groups. Thus, the respondent erred in rejecting as pretextual the legitimate business reasons petitioner asserted in defense of its decision not to promote Cates. In sum, the respondent's finding of discrimination was not supported by substantial evidence. Accordingly, we annul the determination in toto. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.