■ In the Matter of DEREK L. POWERS et al., Appellants, v CITY OF NEW YORK et al., Respondents. ROBERT BROWN et al., Intervenors-Respondents. [692 NYS2d 366] —Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered February 16, 1999, which, *inter alia*, granted respondents' cross motion to dismiss the petition brought pursuant to CPLR article 78 to challenge the legality of New York City Police Department Examination Number 5503 for promotion to the rank of captain, unanimously modified, on the law, insofar as to declare that the examination, to the extent challenged herein, was in accordance with applicable law, and otherwise affirmed, without costs.

To the extent that petitioners seek relief in the nature of mandamus, their application must fail since they have not established a clear legal right to such relief (*see, Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 384-385), and to the extent that petitioners challenge respondents' exercise of discretion, their application must also fail since they have not shown that the challenged discretionary acts were arbitrary or motivated by bad faith (*see, supra*, at 386). Contrary to petitioners' contention, Civil Service Law § 50-a includes no requirement that a test be made available during the entire 30 days given for preparation of a protest (*see, Matter of Alonge v Carnavale*, 261 AD2d 313). With respect to petitioners' contention that respondents' grant of intervenors' request to take a make-up examination violated respondents' own regulation, we find no ground upon which to deem respondents' interpretation of their own regulation to permit the make-up unreasonable or irrational and, accordingly, defer to that interpretation (*see, Matter of Liberty Lines Express v New York City Envtl. Control Bd.*, 160 AD2d 295, 296). With respect to petitioners' claims of age discrimination based upon the rescheduling of the examination, we agree with the IAS Court that petitioners have failed to make a prima facie showing that the rescheduling reflected a discriminatory intent (*see, O'Connor v Consolidated Coin Caterers Corp.*, 517 US 308, 311-312). Moreover, respondents have articulated a legitimate, non-discriminatory reason

for the challenged decision to reschedule the examination (*see, Ioele v Alden Press*, 145 AD2d 29, 36), and petitioners have failed to demonstrate that that articulated reason was merely a pretext for discrimination (*see, e.g., Matter of New York Tel. Co. v New York State Div. of Human Rights*, 222 AD2d 234, 235). We have considered petitioners' remaining arguments and find them to be unavailing. We modify only to declare in respondents' favor, since declaratory relief was sought herein (*see, Cohen v Employers Reins. Corp.*, 117 AD2d 435), that the subject examination was, to the extent challenged, legally formulated and administered. Concur—Ellerin, P. J., Mazzarelli, Andrias and Buckley, JJ.