■ EILEEN F. SLATTERY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [697 NYS2d 603] —Order, Supreme Court, New York County (Louis York, J.), entered February 9, 1999, which, in a declaratory judgment action challenging the validity of the Domestic Partners Law (Administrative Code of City of NY § 3-240 et seq.), inter alia, granted defendants' cross motion to dismiss the complaint, unanimously modified, on the law, to declare in defendants' favor that the Domestic Partners Law is valid to the extent challenged, and otherwise affirmed, without costs.

In this taxpayers' action, commenced pursuant to General Municipal Law § 51, challenging the legality of the Domestic Partners Law (DPL), establishing a registry for domestic partners and extending certain rights and benefits to domestic partners of New York City employees and to New York City residents who become domestic partners, the motion court correctly held that defendant City did not, in adopting the challenged ordinance, impermissibly legislate in the area of marriage since the provisions of the DPL all relate to areas in which the City has long and properly legislated and do not conflict with State law or public policy.

New York's General City Law § 20 (29) empowers the City of New York to enter into insurance contracts or health plans that "shall permit any * * * employee * * * who is paid out of the city treasury voluntarily to subscribe to a plan or plans providing for medical and surgical services and hospital service to such * * * employees and their families" (*see also*, General Municipal Law § 92-a [2]), and the Court of Appeals has, in *Braschi v Stahl Assocs. Co.* (74 NY2d 201), defined the term "family" expansively. Although the *Braschi* Court's consideration of the term "family" was undertaken for the purpose of determining who was entitled to protection from eviction under the rent laws, we perceive no reason to adopt a more limited definition of "family" in the present context and thus to preclude the City from extending health and other benefits to domestic partners.

While it is true that the DPL also extends coverage to domestic partners of retired City employees, and death benefits to partners of employees who die in City service, and General City Law § 20 (29-a) refers to "the widowed spouses and dependent children" of retired employees or employees who died in the course of performing their duties (*see also*, General Municipal Law § 92-a), the motion court correctly concluded that, in the absence of any clear conflict between pertinent State legislation and the DPL, the City did not exceed its authority by extending the aforementioned benefits to domestic partners. We note in this connection that New York State has itself extended certain derivative health benefits to domestic partners of State employees and allows non-State agencies that participate in the State's health insurance program to offer the same coverage to the domestic partners of their employees. Given these actions by the State, plaintiffs' claim that it is against State and/or public policy for the City to provide health care and other benefits to the domestic partners of its employees, i.e., to do for its employees what the State has done for State employees, is untenable.

Finally, contrary to plaintiffs' arguments, the City has not, by extending benefits to domestic partners, transformed the domestic partnership into a form of common law marriage. As the motion court aptly observed and detailed, there are enormous differences between marriage and domestic partnership, and, in light of those very substantial differences, the DPL cannot reasonably be construed as impinging upon the State's exclusive right to regulate the institution of marriage.

We modify the motion court's disposition only to formally declare, since a declaration was sought, that the DPL is valid to

the extent challenged (*see, Matter of Powers v City of New York*, 262 AD2d 246). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ. [*See,* 179 Misc 2d 740.]