IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DAWAUD AHMAD and BEDREDDIN IMAN and SAMEER HATEM, and MUSLIM AMERICA, a non-profit corporation, | ) .) ) ) ) | No. 31339-5-III |
| Appellants, | ) ) | |
| | ) | PUBLISHED OPINION |
| v. | ) ) | |
| TOWN OF SPRINGDALE, a municipal corporation, | ) ) ) | |
| Respondent. | ) ) | |

BROWN, J. — Dawud Ahmad,[1] Bedreddin Iman, Sameer Hatem, each pro se, (individual plaintiffs) appeal the trial court's orders denying writs of prohibition and mandamus, joining Muslim America, a Washington non-profit corporation, as a necessary party, and granting frivolous action costs, including attorney fees, under RCW 4.84.185 to the Town of Springdale. Muslim America appeals the costs award. The individual plaintiffs contend the trial court erred in asserting jurisdiction, denying individual standing to bring the writs, and awarding the costs. Muslim America contends

---

[1] Mr. Ahmad died in May 2012.

the trial court erred in imposing the frivolous action costs. We find no trial court error. We decline the town's request for attorney fees against the individual appellants and Muslim America on appeal because we cannot say their appeal is entirely frivolous. Accordingly, we affirm.

## FACTS

The following facts derive primarily from the trial court's findings of fact that are unchallenged and, therefore, verities on appeal. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). For background, in 2006, the town adopted the International Building Code (IBC) after Washington adopted the IBC as the state building code. RCW 19.27.031. Muslim America owned real property at N. 610 Main Street in Springdale where Mr. Ahmad resided in a home with outbuildings. One outbuilding, a shed without a foundation, sanitation facilities, or utilities, was apparently used at relevant times as living quarters for Mr. Iman. Mr. Hatem identifies himself as Secretary-General for Muslim America and authorized as counsel to practice Islamic law.

The town issued an unsafe structure notice at N. 610 Main Street to Mr. Ahmad, Dawud Ahmad & Associates, noting an occupied outbuilding violated the building code and lacked a certificate of occupancy. Mr. Ahmad, as registered agent for Muslim America, and apparently acting as Muslim America's Mufti or chief legal officer for Islamic law, asked the town by letter styled as from Dawud Ahmad & Associates to pass an ordinance exempting Muslim America's property from the building code pursuant to

2

No. 31339-5-III
*Ahmad, et al. v. Town of Springdale*

RCW 19.27.042. The town council declined to do so and notified Mr. Ahmad of its decision. Mr. Ahmad, on pleading paper showing Dawud Ahmad & Associates, Mr. Iman, and Mr. Hatem, each pro se, then sought superior court writs of prohibition and mandamus, seeking to prohibit the town from enforcing the building code against the property and mandating the town to adopt an ordinance exempting the property from the building code.

After answering the writ applications, the town's counsel discovered Muslim America owned the property and the shed and moved to join Muslim America as a necessary party. Mr. Ahmad objected on behalf of Muslim America, arguing Muslim America refused to be joined because it was not a necessary party, and because joinder violated exercise of religion principles. The court disqualified Mr. Ahmad, a nonlawyer, from representing Muslim America and struck his pleadings. In June 2010, attorney Robert Simeone made a limited appearance for the sole purpose of filing Muslim America's refusal to be joined as a necessary party and the same day he withdrew. The trial court granted the joinder. Muslim America did not seek reconsideration or review of the joinder order, and it failed to file an affidavit or present evidence of its status as a nonprofit corporation or its beneficial interest in support of the writ applications.

At the writ applications hearing, Mr. Ahmad argued if the town issued a code violation or tried to enforce the code against him or Muslim America's property, they could (as a remedy) "knock down the ordinance by a constitutional challenge in the

3

infraction court." Report of Proceedings (July 9, 2010) at 38. Muslim America did not appear for the writ applications hearing. The trial court denied the writ applications, finding it had jurisdiction over the parties and subject matter and that the town did not act in excess of its jurisdiction because it had a duty under state law to enforce the state building code. The court reasoned, as Mr. Ahmad had argued, that if the town ever commenced enforcement proceedings against Muslim America's property and building, the plaintiffs would then have the right to raise constitutional issues and defend against such an action, thus providing a remedy at law that precluded extraordinary relief.

The individual plaintiffs appealed to the Washington Supreme Court. The town requested attorney fees and costs based on frivolous action. Muslim America did not respond. The trial court awarded the town attorney fees and costs, finding the individual plaintiffs and Muslim America had failed to support the writ claims with any rational argument. The individual plaintiffs then amended their appeal notice to include an assignment of error to attorney fees; Muslim America then separately appealed solely the attorney fees award. After consolidating the direct appeals and denying direct review, the Supreme Court transferred the matter to this court.

## ANALYSIS

### A. Jurisdiction and Standing

The issue is whether the trial court erred in exercising jurisdiction over the writ applications and in denying the individual plaintiffs standing to assert the applications for and act on behalf of Muslim America in resisting its joinder as a necessary party.

4

No. 31339-5-III
*Ahmad, et al. v. Town of Springdale*

We review standing and jurisdiction issues de novo. *Knight v. City of Yelm*, 173 Wn.2d 325, 336, 267 P.3d 973 (2011) (standing); *Young v. Clark*, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003) (jurisdiction).

The town is a "city" for purposes of the building code, and it is required to enforce the state building code. *See* RCW 19.27.015(2) (term "city" includes a "town"); RCW 19.27.020 (purpose of chapter to enforce minimum performance standards and requirements for construction and materials consistent with safety); RCW 19.27.031(state building code, which consists of the IBC, shall be in effect in all cities); RCW 19.27.050 (building code shall be enforced by cities). Under RCW 2.08.010, the superior court has original jurisdiction of matters including possession of real property and the power to issue writs. Accordingly, the superior court had jurisdiction to consider the appellants' challenge to the town's enforcement of the building code and their writ applications.

Next, regarding standing, a party waives a standing issue by not raising it at trial. *State v. Cardenas*, 146 Wn.2d 400, 404-05, 47 P.3d 127, 57 P.3d 1156 (2002). The individual plaintiffs failed to argue standing below. Moreover, corporations appearing in court must be represented by an attorney; the individual plaintiffs appearing pro se fail to meet this requirement. *Cottringer v. Dep't of Emp. Sec.*, 162 Wn. App. 782, 787, 257 P.3d 667, *review denied*, 173 Wn.2d 1005 (2011).

Mr. Iman and Muslim America next argue the court erred in joining Muslim America as a necessary party under CR 19. But, Muslim America's appeal of the

5

attorney fees award does not bring up for review the joinder order, and the individual plaintiffs fail to support their passing reference to a "coerced joinder" with any authority or legal argument. And, an appeal of an award of attorney fees does not bring up for review the merits of an underlying decision not timely appealed. *Bushong v. Wilsbach,* 151 Wn. App. 373, 376-77, 213 P.3d 42 (2009). Thus, we need not consider this claim. RAP 2.4(b); *Cowiche Canyon Conservancy,* 118 Wn.2d at 809.

Nevertheless, a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must "be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that dispos[ing] of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest or . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." CR 19(a). Generally, a landowner is an indispensable party in a case that would affect the use of the landowner's property. *Wash. State Dep't of Corr. v. City of Kennewick,* 86 Wn. App. 521, 530-31, 937 P.2d 1119 (1997). Muslim America owned the property and buildings at issue, and it was the sole entity that could seek the exemption from the town council under RCW 19.27.042, to use the shed as a residence. Therefore, Muslim America was properly joined as a necessary party.

B. Writ Applications

6

The individual appellants contend the trial court erred in denying their writ applications. They argue the court should have exercised equity to grant the writ applications, prohibit the town from enforcing its building code, and mandate the town to enact and apply an exemption to the building code to Muslim America's property.

A writ of mandamus requires a state official "to comply with law when the claim is clear and there is a duty to act." RCW 7.16.160; *Paxton v. City of Bellingham*, 129 Wn. App. 439, 444, 119 P.3d 373 (2005) (citing *In re Personal Restraint of Dyer*, 143 Wn.2d 384, 398, 20 P.3d 907 (2001)). Mandamus is an extraordinary remedy not available when there is a "'plain, speedy and adequate remedy in the ordinary course of law.'" RCW 7.16.170 (quoting *Paxton*, 129 Wn. App at 444-45). A writ of mandamus will not issue where an act to be performed is a discretionary act. *State ex rel. Heavey v. Murphy*, 138 Wn.2d 800, 805, 982 P.2d 611 (1999).

A writ of prohibition is the counterpart to the writ of mandamus. A writ of prohibition is an extraordinary remedy that "may be invoked to prohibit judicial, legislative, executive, or administrative acts if the official or body to whom it is directed is acting in excess of its power." *Brower v. Charles*, 82 Wn. App. 53, 57, 914 P.2d 1202 (1996); RCW 7.16.290. As with a writ of mandamus, a writ of prohibition cannot be issued if there is a plain, speedy and adequate legal remedy. RCW 7.16.300; *Leskovar v. Nickels*, 140 Wn. App. 770, 774, 166 P.3d 1251 (2007). Equitable remedies are extraordinary forms of relief, available solely when an aggrieved party lacks an

7

adequate remedy at law. *Sorenson v. Pyeatt*, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006).

We review the superior court's determination as to the availability of an adequate remedy at law for abuse of discretion. *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001). We do not disturb the court's decision "unless the superior court's discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.*

Under RCW 19.27 the town had the legal authority and duty to pass and enforce the IBC. Thus, it was not acting in excess of its jurisdiction in sending the unsafe structure notice. Whether to enact an exemption for buildings used by Muslim America was a discretionary matter for the town council to decide under RCW 19.27.042(1). This statute provides, "The legislative authorities of cities . . . *may* adopt an ordinance or resolution to exempt from state building code requirements buildings whose character . . . has been changed . . . to provide housing for indigent persons." *Id.* (Emphasis added.) A writ of mandamus cannot compel a discretionary act, and Mr. Iman failed to name a state officer relating to their application for writ of mandamus. The appellants seemingly conceded a remedy at law exists for them when Mr. Ahmad argued it could appeal any enforcement proceeding against them or Muslim America. The trial court correctly specified that this remedy was available to appellants. Because equitable remedies are extraordinary forms of relief, available solely when an aggrieved party lacks an

8

adequate remedy at law and because a remedy at law exists, we conclude the trial court did not err in denying the writ applications without applying equitable principles.

## C. Costs and Attorney Fees

The issue is whether the trial court erred in granting the town's request for costs and attorney fees under RCW 4.84.185. Mr. Iman and Muslim America contend the action was not frivolous.

A court may award attorney fees only when authorized by a contract, a statute, or a recognized ground in equity. *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993). Here, the town sought an award of reasonable attorney fees and costs under RCW 4.84.185, which allows attorney fees to the prevailing party in defending against a frivolous action. The purpose of RCW 4.84.185 is to discourage abuse of the legal system by providing for award of expenses and legal fees to any party forced to defend itself against meritless claims asserted for the purposes of harassment, delay, nuisance or spite. *Biggs v. Vail*, 119 Wn.2d 129, 134-36, 830 P.2d 350 (1992).

The standard of review for attorney fees in frivolous lawsuits is abuse of discretion, examining the trial court's decision whether a case, taken as a whole, is advanced without reasonable cause. RCW 4.84.185; *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998). Under this standard, we will reverse a trial court's decision only where the trial court's granting of attorney fees is

9

untenable or manifestly unreasonable. *Ermine v. City of Spokane*, 143 Wn.2d 636, 641, 23 P.3d 492 (2001).

A judge is to consider all evidence presented at the time of the motion to determine whether the action was frivolous and advanced without reasonable cause. *Id.* A frivolous action is one that cannot be supported by any rational argument on the law or the facts. *Goldmark v. McKenna*, 172 Wn.2d 568, 582, 259 P.3d 1095 (2011). An action must be frivolous in its entirety. *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997).

Here, the writs were advanced without reasonable cause. Appellants failed to assign error to the findings of fact either in the writ action or in the order for attorney fees. Appellants assert their action was not frivolous because they raised possibly valid constitutional free exercise claims. But no building code enforcement against appellants is before us. And, considering Mr. Ahmad's writ hearing argument, he was aware a plain, speedy, and adequate remedy at law is available to resist an enforcement action.

Muslim America argues it was wrongly ordered to pay attorney fees considering it was an unwilling participant in the individual appellants' writ applications. Muslim America, however, did not appeal its joinder; it appealed solely the attorney fee costs award. As noted, an appeal of an award of attorney fees does not bring up for review the merits of an underlying decision not timely appealed. *Bushong*, 151 Wn. App. at 376-77. Moreover, Muslim America did not respond to the town's request for attorney

10

fees. An objection would have given the trial court an opportunity to address the issue and correct any possible errors. *See Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983) (the reason issues may not be raised for the first time on appeal is to afford the trial court an opportunity to correct errors, thereby avoiding unnecessary appeals.). By comparison, a defendant waives the right to assert an affirmative defense by failing to raise the defense below. *Rapid Settlements, Ltd.'s Application for Approval of Transfer of Structured Settlement Payment Rights*, 166 Wn. App. 683, 695, 271 P.3d 925 (2012). Therefore, we decline review.

In sum, the writ actions were not supported by rational argument on the law or the facts. Because an adequate remedy at law was known to be available should an enforcement action unfold, no equitable remedy was available. Thus, the trial court had tenable grounds to grant the town its attorney fees and did not err.

Citing RAP 18.9 and RCW 4.84.185, the town requests an award of its attorney fees and costs for defending a frivolous appeal. An appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists. *Carrillo v. City of Ocean Shores*, 122 Wn. App. 592, 619, 94 P.3d 961 (2004) (citing *Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980)).

The individual plaintiffs and Muslim America raise issues under article I section 11 of the Washington Constitution, the First Amendment to the United States Constitution, and the federal Religious Land Use and Institutionalized Persons Act, 21

11

U.S.C. § 2000cc; 2000cc–5. Since discretion assumes that two decision makers may reach a different outcome, the court of appeals and trial court remain free to decide differently as to whether the same claims are frivolous. *Ermine*, 143 Wn.2d at 650. Because we cannot say the appellants' religious and federal based appeal arguments are entirely frivolous, we exercise our discretion and deny the town's RCW 4.84.185 attorney fee request.

The town as prevailing party is entitled to costs predicated upon compliance with RAP 14.4.

Affirmed.

Brown, J.

I CONCUR:

Fearing, J.

12

No. 31339-5-III

KORSMO, C.J. (dissenting) — Muslim America did nothing to further this litigation or otherwise impose costs to the Town of Springdale. Thus, the trial court erred in imposing sanctions against Muslim America. Muslim America also was free to challenge the joinder decision in this appeal because the order joining it was not an appealable order. In all other respects, I agree with the majority.

*Appealability of the Joinder Ruling.* Respondent argues that Muslim America lacks the ability to challenge the joinder ruling under RAP 2.4(b). The plain language of that rule proves otherwise. The critical final sentence of that rule states:

> A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under rule 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision.

(Emphasis added.)

Counsel for respondent quite properly agreed at oral argument that the joinder order was not appealable as a matter of right. A joinder ruling is not an appealable order. RAP 2.2(a) lists 13 classes of rulings that are appealable as a matter of right; joinder of a party is not included within any of those categories. Thus, under the plain terms of the underlined language of RAP 2.4(b), the bar on fee rulings bringing up other appealable decisions is inapplicable to this situation. Muslim America could not appeal the joinder

order but was free to challenge that ruling once there was an order from which it could[1]—and did—appeal. The first and only chance it had to challenge the joinder ruling was in this timely appeal from the attorney fees. To the extent that the majority holds otherwise, I disagree.

*Sanction Order.* Muslim America was sanctioned for something it did not do. The decision affirming that ruling stands our frivolous litigation statute on its head. For that reason I respectfully part company with the majority and would reverse the fee award as to Muslim America.[2]

RCW 4.84.185 provides that in a civil proceeding where the judge finds that an action, claim, or defense "was frivolous and advanced without reasonable cause," the court may require payment to the prevailing party of its reasonable expenses, including attorney fees "incurred in opposing such action." The two quoted provisions state the operative aspects of this case: (1) the frivolous action must be <u>advanced</u> without cause, and (2) reimbursement is for the expenses incurred in <u>opposing</u> the action. Muslim America did nothing to advance the case and Springdale's expenses were not incurred by

---

[1] Although the order denying the writs was appealable and would have brought up the joinder ruling, Muslim America could not have appealed from that ruling because it was not an aggrieved party as it did not oppose the ruling. RAP 3.1 ("Only an aggrieved party may seek review by the appellate court.").

[2] Because the statute is inapplicable to Muslim America in this case, I do not reach the difficult constitutional questions that would arise from involuntarily adding a religious organization to a lawsuit and then sanctioning it for being there.

2

No. 31339-5-III
*Ahmad v. Town of Springdale*

opposing anything Muslim America did. There is no basis for sanctioning Muslim America.

Washington courts have consistently applied the statute in accordance with the basic principle that it reimburses a party for the costs of frivolous litigation imposed upon it by another party. *E.g., Skimming v. Boxer*, 119 Wn. App. 748, 756, 82 P.3d 707 (2004). If there was some evidence that Muslim America had done something to cause this litigation, or evidence of agency or similar *respondeat superior* type of liability, then it would be possible to uphold the trial court's order. However, there is no such evidence in this record and respondent has never claimed otherwise.

Instead, the record clearly reflects, and the parties certainly agree, that Muslim America took no part in this litigation other than a brief one day appearance to file an objection to the joinder. It did nothing to advance the litigation. Springdale incurred no costs because of Muslim America. For both reasons, the statutory requirements for imposing a fee award under RCW 4.84.185 were not met and the trial court had no authority to impose the sanction on Muslim America.

I respectfully dissent.

_____
Korsmo, C.J.

3