# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

NORTH QUINAULT PROPERTIES, LLC, a Washington limited liability company; THOMAS LANDRETH, an individual; and BEATRICE LANDRETH,

Appellants,

v.

STATE OF WASHINGTON; and PETER GOLDMARK, in his official capacity as Commissioner of Public Lands,

Respondents.

No. 76017-3-I

DIVISION ONE

UNPUBLISHED

FILED: January 30, 2017

Cox, J. — North Quinault Properties LLC, Thomas Landreth, and Beatrice Landreth (collectively, "Properties LLC"), appeal the trial court's grant of summary judgment to the State and the Commissioner of Public Lands (collectively, "the State"). There are no genuine issues of material fact. Properties LLC is not entitled to relief under the Declaratory Judgment Act (UDJA). Moreover, it is not entitled to either a writ of mandamus or an injunction. The State is entitled to summary dismissal with prejudice of this case. We affirm.

Properties LLC is comprised of persons who claim property interests in the shores of Lake Quinault. The Quinault Indian Nation (the "Nation") claims an

ownership interest in Lake Quinault. This claim is based on the 1856 Treaty of Olympia and the 1873 Executive Order of President Ulysses S. Grant. These both predate Washington statehood in 1889.

In recent years, the Nation wrote to some of the owners of property on the shores of the lake, requiring that they apply for permit approval of a pipe extruding below the ordinary high water mark on their property. The Nation may have also prevented some of these owners from fishing and repairing a private dock.

Some of these owners brought an action in federal court against the Nation, the State, and the Department of Natural Resources (DNR). They sought declaratory and injunctive relief, arguing that the State owned the bed of Lake Quinault and had failed to protect the public's access to it.

The Nation and the State moved for dismissal based on their respective sovereign immunities to suit without their consent. The federal court granted their motions.

Thereafter, Properties LLC commenced this action against the State. It did not join either the Nation or the United States of America, as trustee for the Nation. In its complaint, it seeks a "court determination as to the status of Lake Quinault and the property rights of non-tribal property owners abutting the Lake." It also seeks a determination of "the public's right [of] access [to] the Lake, its shore and lakebed."[1]

---

[1] Clerk's Papers at 6.

2

The trial court granted the Nation leave to appear as an amicus curiae. Thereafter, the State moved for summary judgment and dismissal with prejudice. The trial court granted the motion.

Properties LLC appeals.

## DECLARATORY JUDGMENT ACT

Properties LLC argues the trial court incorrectly determined that this case cannot proceed under the UDJA. We disagree.

A threshold issue is whether RCW 7.24.110 bars this action requesting declaratory relief. We hold that it does.

In its summary judgment order, the trial court ruled that both the Nation and the United States are parties that cannot be joined in this action because of sovereign immunity. The court further ruled that this action could not proceed under RCW 7.24.110 of the UDJA.

We review de novo the grant of summary judgment.[2] We also review de novo the provisions of a statute to determine the legislature's intent.[3]

This statute provides in relevant part as follows: "When declaratory relief is sought, all persons **shall** be made parties who have or claim any interest which would be affected by the declaration, and **no declaration shall prejudice** the rights of persons not parties to the proceeding . . . ."[4]

---

[2] Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

[3] Guest v. Lange, 195 Wn. App. 330, 335, 381 P.3d 130 (2016).

[4] RCW 7.24.110 (emphasis added).

It is beyond legitimate dispute that the word "shall" is mandatory, not permissive.[5] Given this, there is only one reasonable reading of this statute. The legislature intends that all persons who claim any interest that would be affected by the case "*shall* be made parties."[6] Correspondingly, the legislature also intends that "*no* declaration shall prejudice the rights of persons not parties."[7]

It is uncontested that the Nation *claims* an interest in the subject of this action: Lake Quinault. The treaty and executive order, both of which predate Washington statehood, evidence this claim. We presume similar analysis applies to the United States, which appears to act as trustee for the Nation with respect to Lake Quinault.[8] Nothing in this record shows that Properties LLC contests either of these basic points.

It is also uncontested that neither the Nation nor the United States can be made subject to suit absent its consent.[9] There is no showing of consent by either sovereign entity in this record. Accordingly, they may not be joined to this action.

---

[5] State v. Krall, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994).

[6] RCW 7.24.110 (emphasis added).

[7] Id. (emphasis added).

[8] See Minnesota v. United States, 305 U.S. 382, 386, 59 S. Ct. 292, 83 L. Ed. 235 (1939); Carlson v. Tulalip Tribes of Wash., 510 F.2d 1337, 1339 (9th Cir. 1975).

[9] Michigan v. Bay Mills Indian Cmty., 134 S. Ct. 2024, 2030, 188 L. Ed. 2d 1071 (2014); United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980).

A remaining threshold issue under the plain language of this statute is whether any declaration in this action would prejudice the rights of either the Nation or the United States. Plainly, it would.

There is nothing speculative about what is at the heart of this case. The Nation and the United States claim an interest in Lake Quinault. The complaint challenges these claims. As we previously stated in this opinion, Properties LLC frames its request for relief as a "court determination as to the **status of Lake Quinault** and the property rights of non-tribal property owners abutting the Lake."[10] It also seeks a determination of "the public's right [of] access [to] **the Lake, its shore and lakebed**."[11]

While Properties LLC clothes its request under the public trust doctrine, it does not satisfactorily explain why it should be allowed to seek adjudication of the above emphasized interests in the absence of the Nation and the United States. Instead, it implausibly states: "This Court does not have to decide the extent of the Nation's interest in the Lake to grant relief to Plaintiffs."[12] And in doing so, it relies on the equally untenable presumption that title to Lake Quinault was transferred from the federal government to the State upon statehood.[13] On this record, that appears doubtful. But we need not decide this question and do not do so.

---

[10] Clerk's Papers at 6 (emphasis added).

[11] Id. (emphasis added).

[12] Appellants' Brief at 4.

[13] Id. at 3-4.

Only if the Nation and the United States were parties could there be a proper resolution of ownership issues that are at the heart of this case. In the absence of both, there cannot be a proper resolution of these issues. Accordingly, RCW 7.24.110 is not satisfied in either respect.

The plain words of this statute that we have just discussed are sufficient to resolve this question. But the Division Two case of Bainbridge Citizens United v. Department of Natural Resources[14] also addressed this statute and reached the same result.

There, Bainbridge Citizens United brought an action against the DNR to require it to enforce its own regulations against alleged trespassing on state-owned aquatic lands.[15] But it failed to join the alleged trespassers as parties. The DNR moved for summary judgment, arguing that the court could not proceed as Bainbridge Citizens United had failed to join the alleged trespassers as parties.[16] The trial court granted that motion.[17]

Division Two of this court affirmed that order, holding that the trial court could not completely determine the controversy if the alleged trespassers were not present.[18] Specifically, those absent could neither rebut the trespassing

---

[14] 147 Wn. App. 365, 198 P.3d 1033 (2008).

[15] Id. at 369.

[16] Id. at 370.

[17] Id.

[18] Id. at 373.

claims nor otherwise protect their interests from a judgment that would necessarily affect them.[19] It would "necessarily affect[] the [alleged trespassers'] interest in property ownership and use."[20] Accordingly, the court held that the alleged trespassers were required to be joined and, absent their joinder, the UDJA required dismissal.[21]

Here, for the same reasons we already discussed in this opinion, the absence of the Nation and the United States would prejudice their rights to claim ownership in Lake Quinault. This case also supports the ruling of the trial court.

Neither the opening brief nor the reply of Properties LLC deals directly with the effect of RCW 7.24.110 that bars proceeding with this action. Its argument focuses on other provisions of the UDJA which we now consider.

Skirting the issue of RCW 7.24.110, Properties LLC argues that RCW 7.24.020 on which the State relies, in part, is not an additional limitation to the request for declaratory relief. Not so.

That provision renders declaratory relief unavailable to challenge the State's application or enforcement of State law. Under RCW 7.24.020, a person with proper standing "may have determined any question of construction or validity arising under" an instrument or statute affecting their rights. Bainbridge Citizens United clarified that this statute provides for review only "to determine the facial validity of an enactment, as distinguished from its application or

---

[19] Id.

[20] Id.

[21] Id. at 373-74.

administration."[22] The party seeking such relief must raise a "question of construction or validity."[23] Thus, in that case, the court denied review because Bainbridge Citizens United merely asked the court to declare that the DNR had to enforce its own regulations.[24] Such relief did not go to the construction or validity of the regulations.[25]

Similarly here, Properties LLC raises no question about the construction or validity of any statute. Rather, it seeks a declaration on how the State must uphold its public trust duty. The UDJA does not provide for review of such a claim.

Accordingly, the trial court properly concluded that it could not issue a declaratory judgment.

Properties LLC argues we should overlook these restrictions because of language in RCW 7.24.010 and 7.24.050. RCW 7.24.010 reads:

> Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

RCW 7.24.050 reads: "The enumeration in RCW 7.24.020 and 7.24.030 does not limit or restrict the exercise of the general powers conferred in RCW

---

[22] Id. at 374.

[23] RCW 7.24.020.

[24] Bainbridge Citizens United, 147 Wn. App. at 375.

[25] Id.

7.24.010, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Division Two of this court considered the effect of these provisions in Bainbridge Citizens United. There, the court concluded that a request for the State to enforce certain laws against alleged trespassers did not touch upon "rights, status [or] other legal relations" as RCW 7.24.010 required.[26] Neither would a declaration that the State must enforce such laws terminate the controversy, as RCW 7.24.050 required, but it would rather "reopen the controversy of whether the individuals did trespass."[27] Accordingly, the court concluded that the trial court in that matter lacked authority to issue a declaratory judgment under these provisions as well.[28]

Here, Properties LLC's argument fails whether or not its request touches upon rights, status, or other legal relations in Lake Quinault. If it does, it would prejudice the Nation's and the United States' claims and require their joinder. But if it does not, then declaratory relief would be improper under RCW 7.24.010. Similarly, this litigation has demonstrated that a declaration would not terminate the controversy, as required under RCW 7.24.050. The Nation and the United States would have the right to continue to press their claims, and further controversies over access and ownership to Lake Quinault would ensue.

---

[26] Id.

[27] Id.

[28] Id.

9

We conclude that the trial court correctly determined that this case cannot proceed because it is barred by RCW 7.24.110. Likewise, it also correctly concluded that RCW 7.24.020 bars declaratory relief. These bases are dispositive, and we need not also address whether this action is, alternatively, also barred by CR 19.

The additional requests for relief considered below depend upon a declaration as to the status of Lake Quinault. Because the trial court rightly declined to proceed on this declaratory request, the following requests for relief are unavailable.

## WRIT OF MANDAMUS

Properties LLC next argues that the trial court abused its discretion in declining to issue a writ of mandamus. We hold that the trial court did not abuse its discretion in doing so.

A writ of mandamus is an extraordinary remedy that requires a state official "to comply with law when the claim is clear and there is a duty to act."[29] Thus, such relief will not lie to compel a discretionary or "general course of official conduct."[30] Instead, the writ is only appropriate "[w]here there is a specific, existing duty which a state officer has violated and continues to violate."[31]

---

[29] Ahmad v. Town of Springdale, 178 Wn. App. 333, 341, 314 P.3d 729 (2013).

[30] Walker v. Munro, 124 Wn.2d 402, 408, 879 P.2d 920 (1994); see Ahmad, 178 Wn. App. at 341; County of Spokane v. Local No. 1553, American Fed'n of State, County, & Mun. Emps., AFL-CIO, 76 Wn. App. 765, 769, 888 P.2d 735 (1995).

[31] Walker, 124 Wn.2d at 408.

We review for abuse of discretion a trial court's decision on the issuance of a writ of mandamus.[32]

Here, Properties LLC claims that such a specific, existing duty exists, namely the State's duty under the public trust doctrine to "maintain public access to navigable waterways."

The trial court ruled that a writ of mandamus would not issue on two bases. First, state action under the asserted doctrine is discretionary. Second, such a writ is not available to direct general compliance with law. These conclusions correctly applied the relevant law.

Regarding the first basis, any duty under the public trust doctrine is discretionary. State law "determines the public trust doctrine's limitations within the boundaries of the state."[33] In doing so, the legislature has recognized the complicated roles the State undertakes in managing its aquatic lands to promote the public interest. It has found that Washington's "aquatic lands are faced with conflicting use demands."[34] It has thus tasked the DNR with "provid[ing] a balance of public benefits for all citizens of the state."[35] The DNR must necessarily exercise great discretion in balancing these competing needs.

---

[32] Ahmad, 178 Wn. App. at 342.

[33] Wash. State Geoduck Harvest Ass'n v. Dep't of Nat. Res., 124 Wn. App. 441, 451, 101 P.3d 891 (2004).

[34] RCW 79.105.010.

[35] RCW 79.105.030.

Here, the trial court could not issue a writ of mandamus to compel the State to enforce the public trust doctrine, as that doctrine entails substantial discretion. Action within such discretion is not amenable to relief by mandamus.

Regarding the second basis, Properties LLC fails to indicate with requisite specificity the duty it requests the State perform. They ask only that the State protect their access to Lake Quinault. What form this would take is left to speculation. Such a request asks the State do nothing more specific than enforce the public trust doctrine and, as such, is insufficient to justify a writ of mandamus.

Thus, the trial court properly concluded that a writ of mandamus was improper because it would compel the State to take discretionary and general action.

## INJUNCTIVE RELIEF

Properties LLC lastly argues that the trial court abused its discretion in denying their request for injunctive relief. We disagree.

To obtain injunctive relief, a party must show "'(1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.'"[36]

---

[36] <u>Tyler Pipe Indus., Inc. v. Dep't of Revenue</u>, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982) (quoting <u>Port of Seattle v. Int'l Longshoremen's & Warehousemen's Union</u>, 52 Wn.2d 317, 324 P.2d 1099 (1958)); RCW 7.40.020.

The party seeking the injunction bears the burden to show all three elements.[37] The trial court will not issue an injunction in a "'doubtful'" case.[38] This court reviews for abuse of discretion a trial court's grant or denial of an injunction.[39]

Here, regarding the first element, Properties LLC argues that it has a clear legal or equitable right at stake. But to conclude that right is clearly established, the trial court would have to determine whether the State or the Nation owns the Lake. We have already discussed why the trial court could not reach this determination absent the Nation and the United States. Thus, Properties LLC fails to establish this first element. Accordingly, we need not address the other two elements.

The trial court did not abuse its discretion in denying an injunction.

We affirm the summary judgment order dismissing this action with prejudice.

_Cox, J._

WE CONCUR:

_Trickey, A.C.J_

_Appelwick, J._

---

[37] San Juan County v. No New Gas Tax, 160 Wn.2d 141, 153, 157 P.3d 831 (2007).

[38] Tyler Pipe Indus., Inc., 96 Wn.2d at 793 (quoting Isthmian S.S. Co. v. National Marine Eng'rs' Beneficial Ass'n, 41 Wn.2d 106, 117, 247 P.2d 549 (1952)).

[39] San Juan County, 160 Wn.2d at 153.