IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

CYNTHIA HEBERT and JAMES D.   )
HEBERT, husband and wife,              )        No.  39382-8-III
                                )
          Appellants,       )
                                )
     v.                      )
                                )        UNPUBLISHED OPINION
SPRING CREEK EASEMENT OWNERS  )
ASSOCIATION (RMA) BOARD OF     )
TRUSTEES,                     )
                                )
          Respondents.     )

STAAB, J. — James and Cynthia Hebert appeal from several superior court orders entered after their property was sold at foreclosure and the redemption period expired. Specifically, the Heberts appeal from an order directing the sheriff's office to issue a Sheriff's Deed to the purchaser of the property, an order disbursing funds held in the court's registry, and denial of their motion for reconsideration on the disbursement of funds. The Heberts argue that the superior court erred in denying their request for equitable relief from the order granting disbursement of funds. The Hebert's contentions on appeal are premised on an indirect challenge to the validity of a prior supplemental judgment, which was not appealed. Because this prior judgment became final and

unassailable in this appeal, the Heberts' arguments fail. We affirm the superior court's

order and award Spring Creek a portion of their attorney fees on appeal.

BACKGROUND

This case involves a dispute between Spring Creek Homeowners Association and

James and Cynthia Hebert, who previously owned property within the Spring Creek

development.[1] *See Hebert v. Spring Creek Easement Owners Ass'n.*, No. 37215-4-III

(Wash. Ct. App. Mar. 23, 2021) (unpublished) https://www.courts.wa.gov/opinions

/pdf/372154_unp.pdf. The dispute arose after the Heberts violated portions of the Spring

Creek covenant, which governed the development, and the Heberts refused to pay

assessments to Spring Creek that Spring Creek was authorized to impose under

Washington's homeowners' association act. *Id*. at 13-17, 19-20. Spring Creek moved

for foreclosure on the Heberts' property, and this court affirmed the superior court's

decision foreclosing on the lien on the property and remanded the case to the superior

court. *Id*. at 1.

Following this court's remand, a sheriff's sale was held on December 10, 2021,

and Filbert Hill purchased the property for $152,617.00. The same day, the Heberts filed

their notice of intent to redeem pursuant to ch. 6.23 RCW, *et seq*., in superior court.

---

[1] Most of the background facts to this case are irrelevant to the issues presented here but are recited in this court's decision in *Hebert v. Spring Creek Easement Owners Ass'n*, No. 37215-4-III (Wash. Ct. App. Mar. 23, 2021) (unpublished) https://www.courts.wa.gov/opinions/pdf/372154_unp.pdf.

Under Washington law, a judgment debtor whose property has been foreclosed has a statutory right to redeem the property within eight months of the sale. RCW 6.23.020(1). The redemptioner must give notice to the sheriff of an intent to redeem, and the party that purchased the property must submit to the sheriff "an affidavit, verified by the purchaser or an agent, showing the amount paid on the prior lien or obligation." RCW 6.23.080(4).

To redeem the property, the judgment debtor must pay the amount for which the property was purchased along with interest and taxes paid by the purchaser following the purchase of the property, and any other "sum paid by the purchaser [related to] a prior . . . obligation secured by an interest in the property to the extent the payment was necessary for the protection of the interest of the judgment debtor or a redemptioner." RCW 6.23.020(2). The sum required to exercise a right to redeem must be deposited with the sheriff. RCW 6.23.080(1).

On remand from this court, the parties disputed the amount owed to Spring Creek and the amount required for the Heberts to exercise their right to redeem. The procedures proposed by the parties to determine the redemption amount and to exercise the right to redeem did not follow the statutory procedures. After the property was sold at a foreclosure sale to Filbert Hill, Spring Creek filed a motion to amend its judgment,

claiming that the Heberts owed $161,137.71.[2]  The Heberts opposed the motion to amend

and argued they owed an unspecified lesser amount.

The superior court entered an order denying Spring Creek's motion to amend,

finding that the Heberts were required to pay $135,323.03 into the court registry to

exercise their right to redeem.  The court entered a judgment reflecting its decision, in

which it stated:

> The Sheriff's Sale conducted on December 10, 2021 is hereby confirmed,
> pursuant to *RCW 6.23.080.*  Plaintiffs retain the right to redeem the subject
> real property upon payment of the sum of **$135,323.03** into the Court
> Registry[.]  Upon redemption, the Clerk of the Court shall disburse the sum
> **$135,323.03** from the Court Registry to Defendant and refund the balance
> to Filbert Hill, LLC[.]  Plaintiffs' redemption must be affected by 4 30 p.m.
> [sic] on August 10, 2022[.]  Should Plaintiffs' fail to redeem the subject
> real property in a timely fashion, the Sheriff shall issue a Sheriff's Deed in
> favor of the successful bidder, Filbert Hill, LLC, forthwith and the Clerk of
> the Court shall disburse all funds in the Court Registry to Defendant.

CP at 153.

Spring Creek then filed a motion for reconsideration, clarifying that it did not and

was not asking the court to award any amounts that came due after the date of the

sheriff's sale.  The superior court granted Spring Creek's motion for reconsideration,

stating:

> The Court was in error when it denied (in part) the motion to supplement
> the judgment, because Spring Creek was and is not seeking to collect any

---

[2] The judgment amount previously entered was $69,345.40 against the Heberts.

> funds accrued post Sheriff sale[.]  Accordingly, *Spring Creek's Motion for Reconsideration* is granted as evidenced by the filing of this letter ruling[.]
>
> Furthermore, the Court rectifies the order [sic] referenced above by the entry of the *Supplement Judgment*[.]

CP at 230.  In July 2022, as part of its grant of Spring Hill's motion for reconsideration, the court entered a supplemental judgment determining that the total judgment amount due was in fact $182,523.42.

The Heberts then moved for reconsideration and/or clarification of the superior court's decision.  In their motion, the Heberts asked the superior court to clarify the amount required to exercise their right to redeem, pointing out that the supplemental judgment conflicted with the court's initial judgment.  The superior court denied this motion.  The Heberts did not appeal the superior court's entry of the supplemental judgment nor the August 5, 2022 order denying their motion for reconsideration.

Two days prior to the date of the expiration of the eight-month redemption period, the Heberts deposited $135,323.03 into the court registry.  On August 10, 2022, the eight-month redemption period expired.  RCW 6.23.020.

Following the expiration of the redemption period, Filbert Hill, the party that had purchased the property, filed a motion for an order directing the sheriff to issue a sheriff's deed to Filbert Hill.  Spring Creek moved for disbursement of funds in the court registry as payment toward the final judgment.  The Heberts opposed both motions, arguing that only a payment of $135,323.03 was required to exercise their right to redeem and they

had made such a payment. They maintained that the supplemental judgment was inadequate and therefore did not impose a higher redemption obligation.

Filbert Hill's motions were granted, and the court ordered the disbursement of the funds to Spring Creek and the issuance of a sheriff's deed to Filbert Hill. The Heberts filed a motion for reconsideration, which the superior court denied, arguing that in light of the confusion regarding the superior court's supplemental judgment, they were entitled to equitable relief.

In December 2022, about five months after the superior court's entry of the supplemental judgment, the Heberts appealed from the order granting disbursement of the funds, the order directing the sheriff's office to issue a sheriff's deed, and denial of their motion for reconsideration on the disbursement of funds.

## ANALYSIS

1. EQUITABLE RELIEF

There are two separate issues in this statutory forfeiture case. The first issue concerns the necessary procedure for redeeming property obtained by a purchaser at a sheriff's sale. These procedures required the Heberts to pay to the sheriff the purchase price paid by Filbert Hill, plus expenses, in order to redeem the property. RCW 6.23.020(2). The second issue concerns the amount owed to Spring Hill for the debt incurred by the Heberts and the disbursement of funds deposited into the court registry by the Heberts in their misguided attempt to redeem the property. The amount necessary to

6

redeem the property and the amount necessary to pay the debt are different figures once the property is sold at a sheriff's sale.

While acknowledging that they did not follow the statutory procedures for redemption, the Heberts contend that equity should allow them to redeem the property nonetheless because they followed the procedures outlined in the court's original judgment. Spring Hill points out that the original judgment was modified by the court's supplemental judgment. It contends that the Heberts are ineligible for equitable relief as they failed to adhere to either the statutory requirements or the final supplemental judgment. The Heberts respond that the supplemental judgment was invalid and confusing and thus, they were excused from complying with the order as well as the statutes.

The Heberts' argument for equitable relief fails because it depends upon the false premise that the supplemental judgment was invalid and thereby excused the Heberts from complying with it. Regardless of whether the supplemental judgment was legally accurate, it became a final infallible judgment when the Heberts failed to appeal it. The Heberts fail to demonstrate that they should be excused from complying with a final judgment.

Equitable relief is available only when there are no adequate remedies at law. Here, the Heberts had three possible remedies at law. They could have complied with the statutory requirements for redemption. Arguably, they could have also complied with the

court's supplement judgment order. Or alternatively, they could have appealed the supplemental order. They pursued none of these remedies and instead attempted to comply with an order that was no longer in effect. Their failure to pursue available remedies precludes their claim for equity.

*Finality of Supplemental Judgment*

The supplemental judgment became final and irrefutable when the Heberts failed to appeal from it. The Heberts cannot directly challenge the supplemental order because the time for seeking appellate review has passed. RAP 2.2(a)(1) provides for review of "[t]he final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." "The term 'final judgment' is facially unambiguous—it refers to any court order having preclusive effect." *Wachovia SBA Lending v. Kraft*, 138 Wn. App. 854, 860, 158 P.3d 1271 (2007). In order to seek review of a final judgment, an appellant must file a notice of appeal within 30 days of the entry of the final judgment. RAP 5.2(a).

The superior court entered its supplemental judgment in July 2022. This order was a final judgment because it had "preclusive effect" as it ended the parties dispute on the issue of the proper amount required for redemption. And the Heberts do not dispute Spring Creek's contention that the order was a final judgment from which they had a right to appeal. The Heberts appealed from the order disbursing the funds in December 2022—long after the 30 days to appeal from the supplemental judgment had passed.

As final order that was not appealed, the supplemental judgment becomes law of the case and the Heberts are precluded from relitigating its validity in collateral proceedings. "[R]es judicata [ ] shields a prior unappealed order that was incorrect even at the time it was made, so long as the court had personal and subject matter jurisdiction." *In the Matter of the Marriage of Kaufman*, 17 Wn. App. 2d 497, 512, 485 P.3d 991 (2021).

The Heberts do not allege that the supplemental judgment was void *ab initio* but they do challenge the validity of the judgment by arguing that the superior court violated their due process rights when it entered a "deficient supplemental judgment," refused to correct or clarify the judgment, and refused to grant oral argument. These challenges to the validity of the supplement are precluded because the judgment was not appealed.

The Heberts further contend that the supplemental judgment was invalid on its face and therefore had no bearing on the availability of equitable relief. They maintain that the judgment was not complete within itself as it was missing an entire page and did not specify the amounts being owed.[3] However, assuming the supplemental judgment

---

[3] The pagination in the supplemental judgment does suggest that a page was missing from the document. *See* CP at 232-34. However, the supplemental judgment in the record clearly shows that the Heberts owed Spring Creek a "Total Judgment: $182,523.42." CP at 233. Any issue on further clarification could have been raised on appeal.

was incomplete, this issue could have been raised on appeal and does not affect the finality of the order.

The Heberts' claim that the supplemental judgment does not supersede the superior court's prior order is without merit. The Heberts contend that the supplemental order does not clearly state the "'relief granted, or other determination of the action'" as is required by law. Br. of Appellant at 36-37 (quoting RCW 4.64.030(1)). In its entirety, the order states: "The clerk shall enter all judgments in the execution docket, subject to the direction of the court and shall specify clearly the amount to be recovered, the relief granted, or other determination of the action." RCW 4.64.030(1). The supplemental judgment at issue stated that the Heberts owed $182,523.42 in total, which clearly specified the amount to be recovered.

Finally, the Heberts argue the supplemental judgment is invalid because it purports to award attorney fees but the superior court did not make required findings or perform the necessary lodestar methodology that courts must employ when awarding attorney fees in Washington. Again, the fact that the superior court may have failed to make appropriate findings and follow the proper procedure does not render the supplemental judgment void. Instead, it created an appealable issue.

*Adequate Remedies at Law*

The Heberts' claim for equitable relief fails because they had adequate remedies at law. "Equitable remedies are extraordinary forms of relief, *available solely when an*

10

*aggrieved party lacks an adequate remedy at law.*" *Ahmad v. Town of Springdale*, 178 Wn. App. 333, 342, 314 P.3d 729 (2013) (emphasis added). The question of whether equitable relief is available is a question of law this court reviews de novo. *Niemann v. Vaughn Community Church*, 154 Wn.2d 365, 374, 113 P.3d 463 (2005).

The Heberts argue that the inequities in this case are similar to those in *GESA Federal Credit Union v. Mut. Life Ins. Co.*, where the court determined that a purchaser's failure to file a statement of its paid assessment taxes did not bar the purchaser's right to recover the assessments from a subsequent redemptioner. 105 Wn.2d 248, 251, 256, 713 P.2d 728 (1986). The court held that the purchaser had substantially complied with the statutory requirement when it directly served the redemptioner with a statement of its assessment payments. *Id*. at 253.

The Heberts also rely on *Millay v. Cam*, 135 Wn.2d 193, 955 P.2d 791 (1998) to support their contention that they are entitled to equitable relief. In *Millay*, the court held that a statutory redemption period may be equitably tolled where the purchaser of the property submitted "a grossly exaggerated statement of the sum required to redeem and the prospective redemptioner cannot with due diligence ascertain the sum required to redeem within the time remaining." 135 Wn.2d at 206.

These cases are different from the Hebert's situation in that there is no indication the parties requesting equitable relief in both *Millay* and *GESA Federal Credit Union* had any other remedy available to them. Unlike this case, there was no court order to appeal

from and the parties had no other apparent remedy in law apart from equitable relief.

Here, on the other hand, the Heberts had an order they could appeal from and therefore

had a remedy at law. Thus, *Millay*, 135 Wn.2d 193 and *GESA Federal Credit Union*, 105

Wn.2d 248 are factually and legally distinguishable.[4]

The Heberts are not entitled to equitable relief. The Heberts admittedly failed to

comply with the statutory procedures for redemption. Nor did they comply with the trial

court's final order. The only basis for the Heberts' claim of equity is that they should be

excused from complying with the statutes and the supplemental judgment because the

supplemental judgment was invalid. Because the validity of this judgment is not properly

before the court, the Heberts' reasoning collapses.

2.     ATTORNEY FEES

Both the Heberts and Spring Creek request attorney fees on appeal. Filbert Hill

does not request attorney fees on appeal. Since the Heberts do not prevail, we deny their

request for attorney fees.

Under RAP 18.1, a party may recover reasonable attorney fees where applicable

law grants a party the right to recover such fees. However, a party requesting attorney

---

[4] The Heberts also argue that they are entitled to equitable relief under the principal of judicial estoppel. They claim that Spring Creek and Filbert Hill failed to raise arguments they now raise on appeal before the trial court when it entered the judgment or supplemental judgment. However, again, the Heberts chose not to appeal the supplemental judgment. And judicial estoppel, as an equitable remedy, is not available to the Heberts because they had an adequate remedy at law.

fees must support their request with argument and citation to authority. *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 420, 157 P.3d 431 (2007).

In support of its request for attorney fees, Spring Creek cites to the Homeowners' Association Act, which states:

> Any violation of the provisions of this chapter entitles an aggrieved party to any remedy provided by law or in equity. The court, in an appropriate case, may award reasonable attorneys' fees to the prevailing party.

RCW 64.38.050. Here, Spring Creek is the prevailing party in an action to recover on its judgment stemming from the Heberts violations of this Act. We exercise our discretion and award Spring Creek its attorney fees for this appeal.

We affirm the superior court's orders directing the sheriff to issue a sheriff's deed and the order to disburse funds.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Cooney, J.

13