[No. 12697–1–I.   Division One.   April 1, 1985.]

THE CITY OF SEATTLE, *Petitioner,* v. TERESA
M. HILL, *Respondent.*

*Douglas N. Jewett, City Attorney,* and *Marilyn F. Sherron, Assistant,* for petitioner.

*Browne, Ressler & Foster* and *Allen M. Ressler,* for respondent.

WILLIAMS, J.—Teresa Hill was charged by complaint with

lewd conduct, in violation of Seattle Municipal Code 12A.10.070, alleged to have occurred on or about October 1, 1981. At a pretrial conference, the City stipulated that the conduct took place in a theater. On March 8, 1982, the municipal court granted Hill's motion to dismiss on the grounds that the ordinance was unconstitutionally vague and overbroad. After appealing to the Superior Court, which affirmed the municipal court, the City appealed to this court which granted discretionary review.

SMC 12A.10.070 provides:

Lewd conduct.

A. As used in this section a "lewd act" is:

1. An exposure of one's genitals or female breasts; or

2. The touching, caressing or fondling of the genitals or female breasts; or

3. Sexual intercourse as defined in Section 12A.06-.080A3; or

4. Masturbation.

B. A person is guilty of lewd conduct if he intentionally performs any lewd act in a public place or at a place and under circumstances where such act could be observed by any member of the public. "Public place" has the meaning defined in Section 12A.10.010A3.

C. The owner, manager or operator of premises open to the public wherein alcoholic beverages are sold, served or consumed is guilty of permitting lewd conduct if he intentionally permits or causes any lewd act on said premises.

D. This section shall not be applied to artistic or dramatic performances in a theater or a museum.

██ ██ A penal statute is unconstitutionally vague if it does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983); *Everett v. Moore,* 37 Wn. App. 862, 866, 683 P.2d 617 (1984). "Artistic" and "dramatic" are not defined by the ordinance. The dictionary contains one rather narrow defi-

nition of "artistic", "characterized by taste, discrimination, and judgment . . ." and one rather broad definition, "produced by human art." *Webster's Third New International Dictionary* 124 (1969). "Dramatic" is likewise defined narrowly, "of, relating to, devoted to, or concerned specifically or professionally with current drama or the contemporary theater", and broadly, "striking in appearance or effect." *Webster's,* at 685.

An ordinary theater operator considering a production of the musical *Hair* could not determine whether he would be subject to prosecution under SMC 12A.10.070. *See Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 43 L. Ed. 2d 448, 95 S. Ct. 1239 (1975). A particularly prudish judge or jury might well consider *Hair* to be devoid of "taste, discrimination, and judgment". On the other hand, some persons might consider a dance like that declared obscene in *Seattle v. Marshall,* 83 Wn.2d 665, 521 P.2d 693, *cert. denied,* 419 U.S. 1023 (1974) to be "striking in . . . effect." What is "artistic" or "dramatic" rests in the eye of the beholder.

Because the language used is susceptible to a wide range of interpretations, this ordinance does not establish reasonably clear guidelines for law enforcement officials and triers of fact to prevent arbitrary and discriminatory enforcement. *See Moore,* at 867. SMC 12A.10.070 is unconstitutionally vague.

Affirmed.

SCHOLFIELD, A.C.J., and GROSSE, J., concur.

Reconsideration denied May 20, 1985.