[Nos. 20620–6–I; 20913–2–I.   Division One.   April 3, 1989.]

CASSIMEAR JOSEPH CLARKE, ET AL, *Appellants,* v. EQUINOX HOLDINGS, LTD., *Respondent.*

126

*Leslie Stomsvik,* for appellants.

*R. George Ferrer,* for respondent.

SCHOLFIELD, C.J.—Cassimear Joseph Clarke and Elizabeth Clarke (Clarke) appeal three orders dismissing their action against Equinox Holdings, Ltd. (Equinox), challenging the constitutionality of the Real Estate Contract Forfeiture Act, the forfeiture of their real estate contract with Equinox, and the failure of Equinox to execute a final option agreement. Clarke also appeals the order granting Equinox attorney's fees and expenses. We affirm.

FACTS

On August 10, 1985, Clarke entered into a real estate contract with Equinox for the purchase of real estate located in Snohomish County. In the spring of 1986, Clarke stopped making payments required by the contract and fell into default. Equinox thereafter sent Clarke a notice of intent to forfeit the contract and, on October 1, a declaration of forfeiture. The declaration of forfeiture was recorded the same day.

In late September and early October 1986, Clarke had conversations with Equinox regarding the possibility of obtaining an option to repurchase the property. On September 30, 1986, Clarke entered into an option agreement with Equinox. This agreement provided for a payment of $1,000 to be made by Clarke to Equinox in connection with this option on or before October 31, 1986. The agreement also provided for a second $1,000 payment to be made on or before December 1, 1986. Clarke received from Equinox a second revision of the draft option agreement. The revised draft option agreement was never signed. Shortly after

December 19, Clarke offered Equinox the two $1,000 payments in the form of a cashier's check, but these payments were rejected. On October 29, 1986, Clarke filed a petition for relief under Chapter 11 of the Bankruptcy Act.

On December 1, 1986, Clarke filed a complaint against Equinox for a declaratory judgment declaring the Real Estate Contract Forfeiture Act to be unconstitutional. The complaint was not served until February 24, 1987, more than 85 days later. Clarke stated he delayed serving the suit until the 88th or 89th day because he was trying to work out an agreement whereby he could either purchase the real estate or purchase Equinox.

On April 30, 1987, Equinox filed a motion for summary judgment. On May 28, 1987, the trial court filed an order granting summary judgment of dismissal.

On May 11, 1987, Floyd F. Fulle withdrew as attorney for Clarke. Clarke obtained new counsel, R. Wayne Cyphers, and on May 27, 1987, Clarke filed an amended complaint. Clarke's amended complaint prayed for (1) an order setting aside the forfeiture of the real estate contract; (2) damages for the failure of Equinox to execute a final option agreement in accordance with the terms specified in the September 30, 1986, agreement; and (3) a declaration that the Real Estate Contract Forfeiture Act of 1985, RCW 61.30, is unconstitutional. On July 2, 1987, Equinox moved for an order granting summary judgment on the claim to set aside the forfeiture and the claim regarding the constitutionality of the Real Estate Contract Forfeiture Act. On July 23, 1987, the trial court entered an order granting summary judgment of dismissal and directing entry of final judgment.

On August 6, 1987, Equinox made a motion for summary judgment striking Clarke's claims for attorney's fees and damages for failure to execute an option agreement. On August 31, 1987, the trial court entered an order granting this motion.

On September 15, 1987, Equinox moved for attorney's fees and expenses per RCW 4.84.185 and CR 11. On October 29, 1987, the trial court entered an order granting Equinox judgment for expenses and attorney's fees against Clarke. This appeal timely followed.

## PROPRIETY OF SUMMARY JUDGMENT

■ Clarke argues that there are material issues of fact which preclude entry of summary judgment on this matter. On review of a summary judgment, the appellate court places itself in the position of the trial court and, considering the evidence in the light most favorable to the nonmoving party, must assess whether "the pleadings, depositions . . . and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 882, 719 P.2d 120 (1986) (quoting CR 56(c)).

Clarke first challenges the trial court's dismissal of his action to set aside the forfeiture. RCW 61.30.140(2) provides in part as follows:

> (2) An action to set aside the forfeiture permitted by this section . . . shall be commenced by filing the summons and complaint and serving the seller or the seller's agent or attorney, if any, giving either of the required notices, not later than sixty days after the declaration of forfeiture is recorded.

The declaration of forfeiture was filed on October 1, 1986. Therefore, the 60th day both to serve and file the summons and complaint challenging the forfeiture expired not later than December 1, 1986. Although the summons and complaint were filed on December 1, 1986, within the statutory period, they were not served until February 24, 1987, approximately 85 days after they were filed and approximately 145 days after the declaration of forfeiture was recorded.

■■ Clarke does not argue that the summons and complaint were served within the 60 days; rather, he argues

that under RCW 4.16.170, he had an additional 90 days in which to complete the service. A statute will be held to mean exactly what it says, and rules of construction will not be applied, where the language of the statute is free of ambiguity. *Shelton Hotel Co. v. Bates,* 4 Wn.2d 498, 507, 104 P.2d 478 (1940). The statute in the present case is clear. It plainly states that an action to set aside a forfeiture shall be commenced by filing the summons and complaint and serving the summons and complaint not later than 60 days after the declaration of forfeiture is recorded. This is a special statute applying to forfeiture actions. RCW 4.16.170 does not apply. Clarke failed to serve the summons and complaint within 60 days and, thus, we find that summary judgment was properly granted on this issue.

The trial court properly granted summary judgment as to the issue of constitutionality of the Real Estate Contract Forfeiture Act, RCW 61.30. Statutes are presumed constitutional, and the challenging party has the burden of demonstrating the invalidity of the statute beyond a reasonable doubt. *Hontz v. State,* 105 Wn.2d 302, 306, 714 P.2d 1176 (1986).

Here, Clarke failed to present any argument or authority to the trial court below on the issue of the constitutionality of the act. A review of the record indicates only that Clarke stated that his constitutional rights would be violated if the act were held constitutional. Accordingly, Clarke has not carried his burden of demonstrating the invalidity of the statute.

Furthermore, on appeal Clarke fails to cite any authority or make any argument on the issue of the constitutionality of the Real Estate Contract Forfeiture Act. Therefore, we need not review this issue. *See Riksem v. Seattle,* 47 Wn. App. 506, 513, 736 P.2d 275, *review denied,* 108 Wn.2d 1026 (1987).

Clarke next argues that the trial court erred in dismissing "all the other claims raised in the amended complaint." Clarke states that these other claims related to various breaches of good faith and failures to perform contracts by

Equinox and its officer and agent, George Ferrer. Clarke also states the complaint includes claims that Ferrer acted improperly to the detriment of Clarke and the benefit of Equinox.

■ On appeal from a summary judgment, the reviewing court is limited to issues and materials considered by the trial court. *Alexander v. Gonser,* 42 Wn. App. 234, 237, 711 P.2d 347 (1985) (citing *Harris v. Kuhn,* 80 Wn.2d 630, 497 P.2d 164 (1972); RAP 9.12), *review denied,* 105 Wn.2d 1017 (1986). A review of the amended complaint indicates that it states only three claims: (1) a challenge to the constitutionality of the Real Estate Contract Forfeiture Act, (2) a challenge to the forfeiture in the present case, and (3) a challenge to Equinox's failure to execute a final option agreement pursuant to the terms of the September 30 agreement. The first two of these claims have already been discussed above.

With regard to Equinox's failure to execute the option agreement, a review of the record indicates that despite requests from Equinox, Clarke failed to tender the two $1,000 payments, as consideration for the option. In addition, Clarke never signed the revised draft option agreement. Therefore, as a matter of law, Equinox was not obligated to execute the final option agreement.

Accordingly, we find there was no issue of material fact, and the trial court properly granted the motions for summary judgment.

### Costs and Attorney's Fees

Clarke argues that the award of attorney's fees and costs is in error because the present case is not frivolous and because RCW 4.84.185 cannot be used as a basis of awarding attorney's fees in a case decided by summary judgment of dismissal.

■■ However, RCW 4.84.185, as amended, Laws of 1987, ch. 212, § 201, effective July 26, 1987, applies to orders on summary judgment. The statute states in pertinent part:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . This determination shall be made upon motion by the prevailing party after an order of dismissal, order on summary judgment . . .

The decision to award attorney's fees is left to the trial court's discretion and will not be disturbed in the absence of a clear showing of abuse. *Fluke Capital & Mgt. Servs. Co. v. Richmond,* 106 Wn.2d 614, 625, 724 P.2d 356 (1986). A frivolous action has been defined as one that cannot be supported by any rational argument on the law or facts. *Bill of Rights Legal Found. v. Evergreen State College,* 44 Wn. App. 690, 696–97, 723 P.2d 483 (1986).

In the present case, Clarke's responses to the three summary judgment motions contained no support for his constitutional challenge or for the challenge to the forfeiture process. Furthermore, his challenge regarding the option agreement was unsupported by the evidence. Accordingly, we find the trial court did not abuse its discretion in concluding that the action was frivolous and awarding attorney's fees to Equinox.

## Frivolous Appeal

Equinox argues that this appeal is frivolous, and therefore, it is entitled to attorney's fees on appeal.

RAP 18.9(a) authorizes the appellate court, on its own initiative, to order sanctions against a party who brings an appeal for the purpose of delay. Sanctions may include, as compensatory damages, an award of attorney's fees to the opposing party. *See* Comment, RAP 18.9, 86 Wn.2d 1272 (1976); *Bill of Rights Legal Found. v. Evergreen State College, supra.* In determining whether an appeal is brought for delay under RAP 18.9(a), "our primary inquiry is whether, when considering the record as a whole, the appeal is frivolous, *i.e.,* whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Streater v. White,* 26 Wn. App. 430,

434, 613 P.2d 187 (1980). All doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Streater v. White, supra* at 435.

In applying these criteria, we find that this appeal is frivolous. Clarke fails to support his constitutional challenge by argument or authority. In addition, his challenge to the time limit for commencement of an action to set aside the forfeiture is devoid of merit. Furthermore, other claims asserted by him either were not raised before the trial court or are totally unsupported by the evidence. Therefore, we find that Clarke presents no debatable issues and his position is so devoid of merit that there is no possibility of reversal.

Equinox's counsel's submission for an attorney's fee contains items involving services in bankruptcy which are not involved in this appeal. There being no voluntary segregation, we decline to make one. Accordingly, we award an attorney's fee against Clarke of $5,000.

The trial court's decision is affirmed.

GROSSE, A.C.J., and SWANSON, J., concur.