[No. 23101–4–I.   Division One.   May 29, 1990.]

THE CITY OF SEATTLE, *Respondent,* v. DARYL J.
JOHNSON, *Petitioner.*

*Elaine L. Winters* of *Seattle–King County Public Defender Association,* for petitioner.

*Mark H. Sidran, City Attorney,* and *Charlotte Clark–Mahoney, Assistant,* for respondent.

BAKER, J.—Following Daryl Johnson's conviction in Seattle Municipal Court for violating Seattle Municipal Code (SMC) 12A.10.070, the City of Seattle's lewd conduct ordinance, he appealed to the King County Superior Court. At the superior court level, Johnson raised, *inter alia,* the constitutionality of the ordinance and the sufficiency of the complaint. The Superior Court affirmed the conviction.

On appeal to this court, Johnson raises the same issues. Specifically, he contends that the charges against him should be dismissed because the ordinance is unconstitutionally overbroad and vague. He also contends that the charges should be dismissed since the charging document failed to sufficiently state a crime.

The ordinance reads in pertinent part as follows:

> **12A.10.070. Lewd conduct.**
> A. As used in this section a "lewd act" is:
>    1. An exposure of one's genitals or female breasts; or
>    2. The touching, caressing or fondling of the genitals or female breasts; or
>    3. Sexual conduct as defined in Section 12A.02.150(24)
> B. A person is guilty of lewd conduct if he/she intentionally performs any lewd act in a public place or at a place and under circumstances where such act could be observed by any member of the public, knowing that such conduct is likely to cause reasonable affront or alarm. "Public place" has the meaning defined in Section 12A.10.010 A3.

SMC 12A.02.150(24) defines sexual conduct as follows:

> 24. "Sexual conduct" means any of the following:
>    a. Sexual intercourse in its ordinary sense which occurs upon any penetration, however slight, or contact between

persons involving the sex organs of one and the mouth or anus of another;

b. Masturbation, manual or instrumental, of one (1) person by another.

SMC 12A.10.010(A)(3) defines public place as follows:

3. "Public place" is an area generally visible to public view and includes streets, sidewalks, bridges, alleys, plazas, parks, driveways, parking lots, automobiles (whether moving or not), and buildings open to the general public including those which serve food or drink, or provide entertainment, and the doorways and entrances to buildings or dwellings and the grounds enclosing them.

# I
## SUFFICIENCY OF THE COMPLAINT

■ Johnson contends that his rights to due process were violated in that the complaint was constitutionally defective. The complaint alleged that Johnson did "[c]ommit the crime of lewd conduct by intentionally commiting [sic] a lewd act in a public place." It omitted the statutory element that the defendant must know "that such conduct is likely to cause reasonable affront or alarm". *See* SMC 12A.10.070(B). The City has conceded on appeal, and we agree, that the complaint was not constitutionally sufficient under the authority of *State v. Leach,* 113 Wn.2d 679, 782 P.2d 552 (1989). That decision requires charging instruments to "allege facts supporting every element of the offense". (Italics omitted.) *Leach,* 113 Wn.2d at 689. Since the complaint failed to allege facts supporting the omitted element, it was constitutionally defective, violating Johnson's due process right to be apprised with reasonable certainty of the nature of the accusation against him. *See Leach,* 113 Wn.2d at 690–91, 697.

# II
## REVIEWABILITY

■ The above resolution renders the remaining issues in this case moot.[1] Generally, a case presenting a moot issue

---

[1]The State acknowledged at oral argument that the charges could not be refiled.

on appeal will be dismissed. However, we may in our discretion retain and decide a moot case when "matters of continuing and substantial public interest are involved.'" *In re Eaton,* 110 Wn.2d 892, 895, 757 P.2d 961 (1988) (quoting *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). The criteria to be considered in determining whether the case involves the requisite degree of public interest are: (1) the public or private nature of the question; (2) the need for future guidance of public officers, and (3) the likelihood that the issue will reoccur. *Eaton,* 110 Wn.2d at 895. A fourth factor, the level of genuine adverseness and the quality of advocacy, arguably exists. *Hart v. Department of Social & Health Servs.,* 111 Wn.2d 445, 448, 759 P.2d 1206 (1988).

All of the above factors are present here. This is a dispute relating to a statute affecting many areas of public behavior. There have been inconsistent decisions in the lower courts. The ordinance has not been amended since this action was filed, presenting the strong likelihood that the issue will reoccur. Furthermore, the matter has been well briefed and the parties have requested that this court resolve the issues relating to the alleged constitutional infirmities of the ordinance. Thus, we hold that the following issues are reviewable.

## III

### OVERBREADTH

Johnson contends that the ordinance is overbroad because it contains no exemption for nonobscene expressive conduct. Further, he argues that there is no compelling governmental interest to justify the restriction on nonobscene expressive conduct. The City acknowledged at oral argument that the scope of the ordinance's prohibition was intended to include certain nonobscene conduct, but asserts that the ordinance prohibits pure conduct only, which does not enjoy constitutional protection. It urges this court to

narrowly construe the ordinance to hold that it does not extend into protected expressive activity.[2]

A law is overbroad if it sweeps within its prohibitions constitutionally protected free speech activities. *Seattle v. Slack,* 113 Wn.2d 850, 854, 784 P.2d 494 (1989). The overbreadth doctrine under the First Amendment may invalidate a law on its face only if the law is "'substantially overbroad'", that is, the enactment reaches a substantial amount of constitutionally protected conduct. *Seattle v. Huff,* 111 Wn.2d 923, 925, 767 P.2d 572 (1989) (quoting *Houston, Tex. v. Hill,* 482 U.S. 451, 96 L. Ed. 2d 398, 410, 107 S. Ct. 2502, 2508 (1987)). Criminal statutes require particular scrutiny and may be facially invalid if they "'"make unlawful a substantial amount of constitutionally protected conduct . . . even if they also have legitimate application."'" *Slack,* 113 Wn.2d at 854 (quoting *Hill*).

The most recent challenge to the Seattle ordinance was in *Seattle v. Hill,* 40 Wn. App. 159, 697 P.2d 596 (1985). There, this court held the prior ordinance unconstitutionally vague since a now–deleted exemption for "artistic or dramatic performances in a theater or a museum" was susceptible to a wide range of interpretations. *Hill,* 40 Wn. App. at 160–61. The City's evident response to that decision was merely to delete the exemption and add the phrase "knowing that such conduct is likely to cause reasonable affront or alarm."

Both the First Amendment and article 1, section 5 of our state constitution protect nude expression, but not nude conduct. *O'Day v. King Cy.,* 109 Wn.2d 796, 803, 749 P.2d 142 (1988); *see also Seattle v. Buchanan,* 90 Wn.2d 584, 593–600, 584 P.2d 918 (1978) (nude expression may, however, be subject to reasonable time, place, and manner

---

[2]The City does not contest Johnson's standing to challenge the ordinance, even though his activity could probably be proscribed by a properly drafted statute. *See O'Day v. King Cy.,* 109 Wn.2d 796, 803, 749 P.2d 142 (1988).

regulation). Thus, a statute that sweeps within its proscriptions protected nude expression is unconstitutionally overbroad under both the state and federal constitutions. *O'Day; see also Pasco v. Rhine,* 51 Wn. App. 354, 364–65, 753 P.2d 993 (1988) (criminal prohibition of nude activity is overly broad if not limited to obscene unprotected conduct).

Since the Seattle ordinance contains no such exemption for nonobscene, expressive nude activity, it is facially overbroad. The City would nonetheless have us rehabilitate this statute by a narrow construction, asserting that if conduct is "likely to cause reasonable affront or alarm", it must therefore be nonexpressive and obscene.

█ Free expression may best serve its highest purposes, however, when it induces a condition of unrest, creates dissatisfaction, or even stirs people to anger. *See Everett v. Moore,* 37 Wn. App. 862, 864–65, 683 P.2d 617 (1984). Thus, although where possible and appropriate, courts will strive to construe a statute to uphold its constitutionality, *State v. Reyes,* 104 Wn.2d 35, 41, 700 P.2d 1155 (1985), under no limiting construction can the invalid reaches of this ordinance be cured. *Cf. O'Day,* 109 Wn.2d at 806–07 (specific exemptions for nonobscene exhibitions and dances cure possible overbreadth infirmities). Further, although expression is subject to reasonable time, place, or manner restrictions by the government, *Bering v. Share,* 106 Wn.2d 212, 222, 721 P.2d 918 (1986) (citing *Clark v. Community for Creative Non–Violence,* 468 U.S. 288, 293, 82 L. Ed. 2d 221, 227, 104 S. Ct. 3065 (1984)), *cert. dismissed,* 479 U.S. 1050 (1987), the "affront or alarm" provision cannot even purport to address time, place, or manner in any meaningful way.

Thus, we hold that the ordinance is overbroad, and therefore void. Accordingly, we reverse and remand for

vacation of the conviction and dismissal of the charges against Johnson.[3]

COLEMAN, C.J., and WEBSTER, J., concur.

---

[3]We need not reach Johnson's further allegations that the ordinance is unconstitutionally vague.