FILED
COURT OF APPEALS
DIVISION II

2014 NOV 25 AM 11: 21

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON , | No. 43963-8-II |
| Respondent, | |
| v. | |
| JACOB J. RIVERA, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Jacob Rivera appeals the trial court's order that sanctioned him for violating his probation conditions on two misdemeanor crimes. He argues that his probation conditions were unlawfully imposed by the Department of Corrections (DOC). Because the issue is moot, we affirm the trial court.

## FACTS

In 2007, after being convicted of reckless endangerment and fourth degree assault, the court suspended Rivera's sentence provided he complied with a two-year term of probation. Rivera's probation conditions ordered him to report to his community custody officer (CCO) and not possess or consume any mind or mood-altering substances or controlled substances unless he had a lawfully issued prescription. His judgment and sentence also stated

> Defendant shall report to DOC SHELTON, WASHINGTON not later than 72 hours after release from custody; and the defendant shall perform affirmative acts necessary to monitor compliance with the orders of the court as required by DOC. . . . Defendant shall comply with the instructions, rules and regulations of DOC for the conduct of the defendant during the period of community supervision or community custody and any other conditions of community supervision or community custody stated in this Judgment and Sentence.

Clerk's Papers (CP) at 34.

The court ordered Rivera to pay $2,969.88 in legal financial obligations (LFOs). Initially, the court ordered payment of $50 per month, however, the court amended Rivera's judgment and sentence, and stated that all LFO payments shall be made on a schedule "established by DOC or the clerk of the court." CP at 30.

On January 11, 2012, while on probation, Rivera admitted to using controlled substances. As a result, Rivera entered a stipulated agreement with DOC that required him to report more frequently to his CCO, submit to urinalysis testing, and prove that he obtained a chemical dependency (CD) assessment.

On February 23, 2012, Rivera entered another stipulated agreement after he admitted to using a controlled substance, failing to report, failing to provide a urinalysis sample, and failing to obtain a CD assessment. This agreement required Rivera to report to his CCO every Thursday beginning March 1, submit to urinalysis testing, and provide verification of a CD assessment.

Rivera reported to his CCO on March 1 but refused to provide a urinalysis sample. Rivera failed to report after March 1. He also failed to provide a urinalysis sample or proof of a CD assessment. Additionally, Rivera did not pay any of his LFOs.

As a result, in July 2012, DOC filed a notice of violation with the superior court. DOC alleged that Rivera failed to (1) report to his CCO, (2) make himself available for urinalysis testing, (3) provide a urinalysis sample, (4) provide verification of obtaining a CD assessment, and (5) make payments on his LFOs.

After a show cause hearing, the court found that Rivera (1) failed to provide a urinalysis sample, (2) failed to provide verification of a CD assessment, and (3) failed to make payments on his LFOs.[1] The court imposed 150 days of confinement for the violations. He has served all of the time imposed. Rivera appeals.

## ANALYSIS

Rivera, who has served all of the jail time imposed on his probation violation, urges us to decide this case on its merits and not find the case moot. "A case is moot if a court can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). Generally moot issues are dismissed on appeal. *City of Seattle v. Johnson*, 58 Wn. App. 64, 66-67, 791 P.2d 266 (1990).

We may, at our discretion, address a moot issue where "matters of continuing and substantial public interest are involved." *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). "This exception to the general rule obtains only where the real merits of the controversy are unsettled and a continuing question of great public importance exists." *Sorenson*, 80 Wn.2d at 558. Three factors determine whether a moot issue warrants review: "(1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur." *State v. Veazie*, 123 Wn. App. 392, 397, 98 P.3d 100 (2004).

---

[1] The court also found additional violations, none of which Rivera appeals here.

In applying the test listed above, we note that all three parts of it must be satisfied.[2] In this case, we find the issues raised are moot and that we can no longer provide effective relief. We decline to exercise our discretion to address the moot issues and affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, C.J.

Bjorgen, J.

---

[2] In applying the "mootness" test, we necessarily review the record. In this case, the trial court followed the law and, in particular, we do not believe deciding this case on its merits will provide any future guidance to public officers from what already exists.