# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WINDSOR PARK I, LLC, a Washington limited liability company, | DIVISION ONE |
| Appellant, | No. 78177-4-I |
| v. | UNPUBLISHED OPINION |
| CAROLYN WEIKEL, SNOHOMISH COUNTY AUDITOR, | FILED: April 15, 2019 |
| Respondent. | |

DWYER, J. — Windsor Park I, LLC appeals from a trial court order dismissing its lawsuit seeking declaratory relief against the Snohomish County Auditor. The trial court determined that no justiciable controversy existed that would entitle Windsor Park I to relief pursuant to the Uniform Declaratory Judgments Act, chapter 7.24 RCW. Finding no error, we affirm.

I

Windsor Park I, LLC (Windsor Park) is a developer of real property in Snohomish County. On November 1, 2016, Windsor Park submitted an application for a formal plat and name reservation to the Snohomish County Auditor (county auditor) for the name "Windsor Park I." This name had not been reserved nor reserved for use on any recorded plat in Snohomish County. After the county auditor refused to accept this application, Windsor Park submitted a

revised application seeking to reserve the name "Windsor Parke," which had also neither been used nor reserved for use at that time.

On December 20, 2016, the county auditor denied this revised application. The auditor's denial stated that the "NAME REQUESTED IS TO[O] SIMILAR TO EXISTING PLAT," referring to an existing plat of record with the name "Windsor Park."

Windsor Park filed a complaint for declaratory relief on April 13, 2017. The County filed an answer with affirmative defenses on May 5, 2017, that disclosed the County's policy on plat name usage and reservations pursuant to RCW 65.04.050.

Subsequently, on August 2, 2017, Windsor Park filed its first amended complaint for declaratory relief, challenging the County's policy as noncompliant with RCW 65.04.050. Meanwhile, Windsor Park filed a different plat name reservation request for the name "Windsor Park RB." On July 20, 2017, the auditor accepted this name reservation, and Windsor Park recorded a plat with that name on October 11, 2017.

Windsor Park filed a motion for summary judgment on January 3, 2018. The County responded; its principal argument was that the case was moot as no justiciable controversy existed. The trial court entered its order dismissing plaintiff's claims on February 15, 2018. The court stated:

> The Court, deeming itself fully advised finds that there is no disputed or genuine issue of material fact and that the case is moot. Alternatively, the Court finds that the Auditor properly acted within her authority to carry out the requirements of RCW 65.04.050. The Auditor's Policy is consistent with state law, and that the Defendant, Carolyn Weikel, is entitled to dismissal of this action,

IT IS HEREBY ORDERED:

Plaintiff Windsor Park I, LLC's Motion for Summary Judgment is DENIED. Plaintiff's claims are dismissed with prejudice and without fees or costs.

Windsor Park filed a motion for reconsideration, which the trial court denied. It now appeals.

II

Windsor Park assigns error to the trial court's alternative ruling, asserting that the trial court did not have the authority to make an adjudication on the merits and that, if it did, the ruling that the policy was consistent with state law is incorrect. The county auditor urges affirmance on the ground that the trial court correctly determined that no justiciable controversy existed. The county auditor has the better argument.

We review an order granting summary judgment de novo. Plese-Graham, LLC v. Loshbaugh, 164 Wn. App. 530, 541, 269 P.3d 1038 (2011). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Clark v. Baines, 150 Wn.2d 905, 911, 84 P.3d 245 (2004). An order of summary judgment may be affirmed on any ground supported by the record. Estep v. Hamilton, 148 Wn. App. 246, 256, 201 P.3d 331 (2008).

Under the Uniform Declaratory Judgment Act (UDJA), a court with jurisdiction has the power to "declare rights, status and other legal relations." RCW 7.24.010. Absent issues of major public importance, a "justiciable controversy" must exist before a court may invoke its jurisdiction under the

UDJA. <u>Diversified Indus. Dev. Corp. v. Ripley</u>, 82 Wn.2d 811, 814-15, 514 P.2d 137 (1973). A justiciable controversy has been defined as

"(1) . . . an actual, present and existing dispute, or the mature seeds of one, *as distinguished from a* possible, dormant, hypothetical, speculative, or *moot disagreement*, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

<u>Nw. Animal Rights Network v. State</u>, 158 Wn. App. 237, 247 n.8, 242 P.3d 891 (2010) (emphasis added) (quoting <u>Diversified Indus. Dev. Corp.</u>, 82 Wn.2d at 815).

"A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights." <u>Hansen v. W. Coast Wholesale Drug Co.</u>, 47 Wn.2d 825, 827, 289 P.2d 718 (1955). Generally, cases presenting moot issues on appeal are dismissed. <u>City of Seattle v. Johnson</u>, 58 Wn. App. 64, 66-67, 791 P.2d 266 (1990). However, a court may address a moot issue if "matters of continuing and substantial public interest are involved." <u>Sorenson v. City of Bellingham</u>, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

Whether a continuing and substantial public interest exists is determined by an analysis of three factors: the public or private nature of the question presented; the desirability of an authoritative determination for the future guidance of public officers; and the likelihood of the question's future recurrence. <u>Sorenson</u>, 80 Wn.2d at 558. "Arguably a fourth factor exists, that being the level of genuine adverseness and the quality of advocacy of the issues." <u>Hart v. Dep't of Soc. & Health Servs.</u>, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988).

At the heart of Windsor Park's suit was the claim that the denial of its first two name reservation requests was erroneous. However, Windsor Park then filed a successful name reservation request for "Windsor Park RB." The record supports the inference that this request applied to the same parcel of real property as its earlier "Windsor Parke" and "Windsor Park I" request, meaning Windsor Park effectively abandoned the earlier requests. At the time of its decision, the trial court had no outstanding name reservation request to consider.

Furthermore, Windsor Park's claim does not meet the requirements for the substantial public interest exception to the mootness rule. The issue of the county auditor's authority to accept or deny plat name reservation requests has not surfaced in any prior case law, nor has it been demonstrated to be likely to reoccur. Thus, Windsor Park has not demonstrated that there is "'an actual, present, and existing dispute, or the mature seeds of one,'" as required for a court to provide declaratory relief under the UDJA. Nw. Animal Rights Network, 158 Wn. App. at 247 n.8 (quoting Diversified Indus. Dev. Corp., 82 Wn.2d at 815). The trial court correctly determined that no justiciable controversy existed.[1]

Affirmed.

We concur:

---

[1] Given this resolution, we decline the invitation to analyze the alternative basis for ruling discussed in the trial court's order. To do so would be to produce a forbidden advisory opinion. Diversified Indus. Dev. Corp., 82 Wn.2d at 815. The trial court ruling that we affirm resolves this case.