IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 80167-8-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| M.G., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

PER CURIAM — M.G. appeals juvenile court orders concluding he violated his probation by refusing to submit to urinalysis, ordering him to serve one day in detention, and suspending the detention time if he submitted to urinalysis. M.G. concedes that the mental health disposition alternative underlying his probation contained a number of probation conditions, including mental health counseling, substance abuse counseling, and urinalysis. He argues, however, that "Article I, section 7 does not authorize suspicionless probation searches unrelated to the facts of the case," and "[t]he trial court unconstitutionally penalized [him] for asserting his right to privacy." He claims "[s]uch errors are likely to recur in juvenile cases without direction otherwise from this Court" and asks that we "vacate the order for suspicionless, random searches . . . ."

The State points out that the mental health disposition alternative contained a standard community supervision condition that M.G. "shall not possess or consume drugs/alcohol or possess drug paraphernalia, with monitoring as directed, including urinalysis." The State further asserts, and M.G. does not dispute, that M.G. did not oppose the probation counselor's recommended conditions at the disposition hearing, that he did not appeal the disposition that included the condition, and that his appeal from the post-disposition orders does not bring the original judgment up for review.

In addition, the State points out, and M.G. again does not dispute, that the appeal is moot because "the conditions of the suspension [were] satisfied, the sanction was never imposed," and "[t]he period of supervision has expired." Cases presenting moot issues on appeal are generally dismissed. City of Seattle v. Johnson, 58 Wn.App. 64, 66–67, 791 P.2d 266 (1990). However, a court may address a moot issue if "matters of continuing and substantial public interest are involved." Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Three criteria "must be considered" in determining whether the requisite public interest exists: (1) the public or private nature of the question presented, (2) the need for a judicial determination for future guidance of public officers, and (3) the likelihood of future recurrences of the issue. State v. G.A.H., 133 Wn.

App. 567, 573, 137 P.3d 66, 69 (2006). Because M.G. does not directly address mootness or these criteria, we dismiss the appeal as moot.

FOR THE COURT:

_____
Brennan, J

_____
Smith, J.

_____
Verellen, J