# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BIH-LING CHANG,<br><br>       Respondent,<br><br>       v.<br><br>PENG XIE, and SHI SHONG GOURMET, LLC, a Washington State Limited Liability Company, doing business as Foodshion,<br><br>       Appellants. | DIVISION ONE<br><br>No. 85519-1-I<br><br>UNPUBLISHED OPINION |
| EMILY SUN LE,<br><br>       Respondent,<br><br>       v.<br><br>PENG XIE, and SHI SHONG GOURMET, LLC, a Washington State Limited Liability Company, doing business as Foodshion,<br><br>       Appellants. | |

DWYER, J. — Peng Xie, after prevailing in a 10-day bench trial, appeals from the order of the trial court denying his motion for an award of attorney fees and costs. His request was based on the assertion that Bih-Ling Chang's and Emily Le's consolidated claims against him were frivolous and advanced without reasonable cause and that their attorneys' filings in support of those claims were sanctionable. On appeal, Xie contends that the trial court erred by denying his motion, notwithstanding that the trial court did so after presiding over a 10-day

bench trial and determining that Chang and Le could have—and did—present rational arguments on the law and facts during trial and that their claims were, therefore, neither frivolous nor sanctionable. The trial court did not err in so ruling. Accordingly, we affirm.

I

In February 2021, Chang filed a complaint in King County Superior Court against Xie and Shi Shong Gourmet, LLC—a restaurant co-owned by Xie, Chang, and Le—alleging several causes of action arising from the dissolution of that restaurant business and the resulting auction sale of the restaurant's assets. Shortly thereafter, Le also filed a complaint against both Xie and Shi Shong Gourmet, alleging causes of action arising from the business dissolution and auction sale. In December 2021, Chang's and Le's cases were consolidated with one another.

In late February, a 10-day bench trial commenced with each party presenting witnesses and exhibits. In mid-March, both Chang and Le rested their cases. Immediately thereafter, Xie orally moved for an award of a judgment as a matter of law.[1] The trial court reserved ruling on Xie's motion until after each party had rested its case and presented closing argument.

---

[1] In the trial court and on appeal, Xie makes clear that his intent was to bring a motion based on CR 50. This motion was improper. CR 50 applies to "Judgment as a Matter of Law in Jury Trials." The proper motion to have brought would have been a motion to dismiss pursuant to CR 41(b)(3). CR 41(b) governs involuntary dismissal of actions. Its subsection (b)(3) provides: "*Defendant's Motion After Plaintiff Rests*. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of evidence, the defendant . . . may move for a dismissal."

2

Xie rested his case the following day. Thereafter, the court invited the parties to submit written closing statements and asked the parties to submit "the bench version of jury instructions."[2] The trial was then adjourned.

During a hearing in late March, the trial court issued its findings of fact and, in ruling on the merits of Chang's and Le's claims, determined that the plaintiffs had submitted sufficient evidence to defeat Xie's motion for judgment as a matter of law but that they had not proved their claims by a preponderance of the evidence. Accordingly, the trial court denied Xie's evidentiary insufficiency motion, issued its trial decision in his favor, and dismissed Chang's and Lie's claims against Xie with prejudice. Notably, Xie did not challenge the trial court's determination that the plaintiffs had each presented sufficient evidence before resting their cases.

Nevertheless, Xie later filed a motion requesting an award of attorney fees and costs, claiming that the plaintiffs' claims were frivolous and brought against him without reasonable cause and that their attorneys signed legal filings in support of their clients' claims that were sanctionable. In support of this motion, Xie included several hundred pages of declarations and additional documents, many of which had not been admitted at trial.

The trial court ultimately denied Xie's motion, ruling that

---

[2] As the end of the trial approached, the trial judge stated as follows:
What the court is looking for is the bench version of jury instructions. And it doesn't have to be as formal as the full packet of jury instructions . . . . [I]t's not a full brief where you're making arguments. It is really just a roadmap that will assist the court so that I can follow along your arguments in closing, just like a jury would follow along with the jury instructions in closing arguments.

[t]he Court does not find[3] the Plaintiffs' cases to be frivolous. A frivolous action is one that cannot be supported by any rational argument on the law or facts. As the Court noted in it's [sic] oral and written findings of facts, the Court found potential evidence[4] to support the claims of breach of fiduciary duties, breach of contract, conversion of company assets, and accounting. Although the evidence was not enough to sway the Court by a preponderance of the evidence, the Court finds that a rational argument could be (and was) made on the facts and law to support the Plaintiffs' claims and that some money damages were suffered as a result.

CR 11 provides the Court discretion to impose sanctions against an attorney or party for filing pleadings that are not grounded in fact or warranted by law or are filed in bad faith. Imposition of sanctions under the rule should be imposed only when it is patently clear that a claim has absolutely no chance of success. For the same reasons cited above, the Court does not find that Plaintiffs' pleadings were not grounded in fact, warranted by law, or filed in bad faith. The Court does not find that at the time of the filing the various pleadings, it was patently clear to Plaintiffs or their attorneys that their claims had absolutely no chance of success.

Xie now appeals.

II

Xie asserts that the trial court erred by denying his motion for an award of attorney fees and costs. We disagree.

A

Xie first asserts that the trial court abused its discretion by determining that he failed to establish an entitlement to an award of attorney fees and costs pursuant to RCW 4.84.185. Xie's briefing, however, manifests a misunderstanding of the requirements of the cited statute. After thoroughly

---

[3] We interpret the trial court's use of the word "finds" or "find" in its order to signify a determination as a matter of law, rather than a finding of fact.

[4] We interpret the trial court's use of the phrase "potential evidence" to mean the evidence presented at trial on which the trial court relied in order to determine that the plaintiffs could have presented—and did in actuality present—rational arguments on the law and facts.

4

reviewing the trial court's ruling, we hold that the trial court did not err by denying Xie's motion.

1

We have stated that a trial court's decision regarding "an award of attorney's fees under RCW 4.84.185 is left to the discretion of the trial court and will not be disturbed in the absence of a clear showing of abuse." Rhinehart v. Seattle Times, Inc., 59 Wn. App. 332, 339-40, 798 P.2d 1155 (1990) (citing Clarke v. Equinox Holdings, Ltd., 56 Wn. App. 125, 131-33, 783 P.2d 82 (1989)). A trial court abuses its discretion when its exercise thereof is based on untenable grounds, is made for untenable reasons, or evinces a conclusion that no reasonable judge would have reached. Chuong Van Pham v. City of Seattle, 159 Wn.2d 527, 538, 151 P.3d 976 (2007); State v. Comcast Cable Commc'ns Mgmt., LLC, 16 Wn. App. 2d 664, 676, 482 P.3d 925 (2021) (quoting Sofie v. Fibreboard Corp., 112 Wn.2d 636, 667, 771 P.2d 711, 780 P.2d 260 (1989)).

RCW 4.84.185, for its part, sets forth conjunctive requirements that must be established in order for a party to be entitled to an award thereunder. The statutory provision reads, in pertinent part, as follows: "[i]n any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was *frivolous and advanced without reasonable cause*, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action." RCW 4.84.185 (emphasis added).

The purpose of RCW 4.84.185 is to discourage abuse of the legal system by providing for an award of expenses and legal fees to any party forced to defend itself against meritless claims asserted for the purposes of harassment, delay, nuisance, or spite. Biggs v. Vail, 119 Wn.2d 129, 134-36, 830 P.2d 350 (1992). Thus, as discussed herein, the challenged claim must not only be meritless but must also be asserted for an improper purpose. See also Ahmad v. Town of Springdale, 178 Wn. App. 333, 343-44, 314 P.3d 729 (2013) (in applying RCW 4.84.185, "[a] judge is to consider all evidence presented at the time of the motion to determine whether the action was *frivolous and advanced without reasonable cause*" (emphasis added)). Furthermore, as pertinent here, an "action" is defined as "the exercise of a claim before a judge." BLACK'S LAW DICTIONARY 36 (12th ed. 2024).

With regard to the frivolousness requirement of RCW 4.84.185, "[a]n action must be frivolous in its entirety." Ahmad, 178 Wn. App. at 344 (citing Tiger Oil Corp. v. Dep't of Licensing, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997)). "A frivolous action is one that cannot be supported by any rational argument on the law or the facts." Ahmad, 178 Wn. App. at 344 (citing Goldmark v. McKenna, 172 Wn.2d 568, 582, 259 P.3d 1095 (2011)). Conversely, a nonfrivolous action is one that can be supported by any rational argument on either the law or the facts.

2

As set forth herein, the trial judge denied Xie's RCW 4.84.185 motion after presiding over a 10-day bench trial. Prior to being presented with that motion,

6

the court had heard and considered the arguments made by the parties' attorneys, heard and weighed the parties' evidence in support of those arguments, reached a decision on the merits as to the plaintiffs' claims against Xie, and determined that the plaintiffs had presented sufficient evidence to defeat Xie's mid-trial dismissal motion but had not carried their burden of proof to establish their claims against Xie by a preponderance of the evidence.

Thereafter, Xie relied on RCW 4.84.185 in arguing that he should be awarded attorney fees and costs because, according to Xie, the plaintiffs' claims were frivolous and advanced without reasonable cause.

The trial court denied Xie's motion. Giving specific credit to all of the evidence presented at trial, the court concluded that the plaintiffs' claims were not frivolous because "a rational argument could be (and was) made on the facts and law to support the Plaintiffs' claims and that some money damages were suffered as a result." Thus, the court found that, in real time, the plaintiffs presented nonfrivolous claims. Because the plaintiffs' claims were not frivolous, the court concluded, an award pursuant to RCW 4.84.185 was not warranted.

The trial court was correct in so ruling. The court's conclusion that the plaintiffs' claims were not frivolous was based on its determination that "a rational argument could be (and was) made on the facts and law" by the plaintiffs in support of their claims. This determination, in turn, was informed by the court having presided over a 10-day bench trial in which it heard and considered the parties' arguments and all evidence introduced at the trial. Moreover, the court had issued its trial decision on the merits of the plaintiffs' claims. In that decision,

the court determined that there was an absence of frivolousness because rational arguments had been made during the plaintiffs' trial argument and presentation of evidence (on both the facts and the law).

RCW 4.84.185 provides the trial court with discretion in making its frivolousness determination. The trial court herein was in the best position to exercise that discretion after presiding over the parties' 10-day bench trial. Given the trial judge's command of the situation, we cannot say that the trial court's decision was based on untenable grounds, made for untenable reasons, or evinced a conclusion that no reasonable judge would have reached. Chuong Van Pham, 159 Wn.2d at 538; Comcast Cable, 16 Wn. App. 2d at 676 (quoting Sofie, 112 Wn.2d at 667). Xie's assertion thus falls far short of demonstrating "a clear showing of abuse." Rhinehart, 59 Wn. App. at 339-40 (citing Clarke, 56 Wn. App. at 131-33).

We also emphasize that, as the trial court was aware, the requirements of RCW 4.84.185 are conjunctive. After determining that there was an absence of frivolousness, the trial court properly determined that Xie's motion must be denied and declined to consider the question of whether the plaintiffs' actions were advanced without reasonable cause because no purpose would be served by resolving that question. Xie had already failed to prove that which he needed to prove in order to prevail on his motion.

The trial court correctly denied Xie's request for an award of attorney fees and costs based on RCW 4.84.185.

8

B

Xie next asserts that the trial court erred by not overtly stating that it had considered the declarations and documents that he attached to his attorney fees motion in which he attempted to set forth information that was not contained in the trial court record. Because none of this information was material to a question that remained before the court in need of resolution, Xie's assertion misses the mark.

RCW 4.84.185 reads, in pertinent part, that "[t]he judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause." However, our Supreme Court has instructed that a statutory mandate for a trial court to "consider" evidence, without more, does not require the trial court to enter findings of fact as to that evidence. In re Parental Rights to K.J.B., 187 Wn.2d 592, 603-04, 387 P.3d 1072 (2017). In so instructing, the court relied on Webster's Dictionary's first definition of "consider," which reads, "'to reflect on : think about with a degree of care or caution.'" K.J.B., 187 Wn.2d at 603 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 483 (2002)). Furthermore, "material" evidence is defined as that which has "some logical connection with the consequential facts." BLACK'S, supra, at 1166-67.

When Xie filed his RCW 4.84.185 motion, he included hundreds of pages of declarations and documents, much of which had not been admitted into evidence at trial, in support of the proposition that the plaintiffs' claims against

9

him were brought without reasonable cause.[5] (Although Xie's briefing indicates that he does not comprehend this fact, once the 10-day trial took place and once the plaintiffs presented nonfrivolous arguments on both the facts and the law at that trial, it was too late for him to attempt to prove that they could not do that very thing.)

The trial court's order regarding Xie's motion indicated that "[t]he Court has reviewed all the parties' briefing and supporting documents submitted in this matter." The trial court then denied Xie's motion on the basis that the plaintiffs' claims were not frivolous.

The trial court did not err in its consideration of the additional evidence that Xie submitted in support of his motion. Given the court's determination that the plaintiffs' actions were not frivolous, it was not material to the court's disposition of Xie's motion whether the evidence that he presented in addition to the trial evidence established that the plaintiffs' actions were brought for a nefarious reason. Xie had already failed to prove frivolousness and his motion, accordingly, was doomed. A court considers evidence when it determines that the evidence will not be material to a question in need of resolution. Here, it is apparent that Xie's additional submissions were not material once he failed to establish that the claims against him were frivolous. Once the trial court realized that the additional submissions were not material, any further consideration it gave to them was unnecessary.

---

[5] We note the difference between the inquiry into frivolousness, which was capable of resolution based on what actually happened at the 10-day trial, and the requirement of "brought without reasonable cause," which necessarily involves an inquiry into the plaintiffs' motives for commencing the action.

Xie fails to establish any entitlement to appellate relief on this claim.

C

Xie next asserts that the trial court abused its discretion by determining that he failed to establish an entitlement to an award of attorney fees pursuant to CR 11. Again, the trial court did not err in so determining.

We have stated that "[t]he determination of whether a violation of CR 11 has occurred is within the sound discretion of the trial court." Rhinehart, 59 Wn. App. at 341 (citing Doe v. Spokane & Inland Empire Blood Bank, 55 Wn. App. 106, 110, 780 P.2d 853 (1989)).

CR 11 reads, in pertinent part, as follows:

The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

CR 11(a). We have stated that, "[b]ecause CR 11 sanctions have a potentially chilling effect, the trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success. The fact that a complaint does not prevail on its merits is not enough." Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co., 151 Wn. App. 195, 208, 211 P.3d 430 (2009) (citing Skimming v. Boxer, 119 Wn. App. 748, 755, 82 P.3d 707 (2004)).

11

Here, in denying Xie's fees and costs motion, the trial court's order stated, in relevant part, as follows:

> CR 11 provides the Court discretion to impose sanctions against an attorney or party for filing pleadings that are not grounded in fact or warranted by law or are filed in bad faith. Imposition of sanctions under the rule should be imposed only when it is patently clear that a claim has absolutely no chance of success. For the same reasons cited above, the Court does not find that Plaintiffs' pleadings were not grounded in fact, warranted by law, or filed in bad faith. The Court does not find that at the time of the filing the various pleadings, it was patently clear to Plaintiffs or their attorneys that their claims had absolutely no chance of success.

The trial court's reasoning was tenable. The trial court rejected Xie's CR 11 argument by indicating that the court was relying on the same basis on which it had rejected his RCW 4.84.185 request. As set forth above, the trial court had previously determined that the plaintiffs could—and did—present rational arguments on the law and facts during trial in support of their claims against Xie. This is a reasonable basis for rejecting a CR 11 claim: because the court had previously determined that the plaintiffs had made rational arguments on the facts and law to support their claims, their attorneys' legal filings submitted in support of such claims did not fall under any of the sanctionable bases set forth in CR 11. Given that such rational arguments were made, it was reasonable for the court to reject the notion that it was "patently clear" that the plaintiffs' claims had "absolutely no chance of success." Loc Thien Truong, 151 Wn. App. at 208 (citing Skimming, 119 Wn. App. at 755). Therefore, the trial court's reasoning was tenable.

Thus, the trial court did not err by ruling that Xie did not establish a basis for a CR 11 award in his favor.

D

Xie next challenges the trial court's denial of his attorney fees motion by assigning error to the trial court's evidentiary sufficiency determination issued as part of its ruling on the merits of the plaintiffs' claims against Xie.  For several reasons, this assertion fails as well.

1

As a preliminary matter, the basis for Xie's challenge is that, if the trial court had determined that the plaintiffs had failed to present a quantum of evidence sufficient to overcome Xie's midtrial dismissal motion, then the trial court would have been required to grant his later RCW 4.84.185 motion.  Xie is incorrect.

A determination that insufficient evidence has been presented in support of a claim is not a determination that such a claim is frivolous or sanctionable. Indeed, the standards applicable to each judicial and statutory authority at issue herein are different.  Compare CR 41(b)(3) ("[T]he defendant . . . may move for a dismissal on the ground that *upon the facts and the law the plaintiff has shown no right to relief* " (emphasis added)), with CR 11(a) (sanctionable legal filings include those that are not "well grounded in fact," not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law," or "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation"); RCW 4.84.185 ("The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause."). Establishing that a plaintiff has shown no right to relief on the facts and the law under CR 41(b)(3) is meaningfully distinct from establishing that a claim is not well grounded in fact, not warranted by existing law, not a good faith argument, or interposed for an improper purpose under CR 11 and from establishing that a claim is frivolous and advanced without reasonable cause under RCW 4.84.185.

To be sure, establishing evidentiary insufficiency as to a claim does not necessarily establish that the claim is frivolous or sanctionable.[6] Xie does not present authority in support of the position he advances. His legal argument is without merit.

2

Furthermore, Xie's claim of error in this regard is moot.

 "A case is moot if a court can no longer provide effective relief." Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

> In general, a case presenting a moot issue on appeal is dismissed. City of Seattle v. Johnson, 58 Wn. App. 64, 66-67, 791 P.2d 266 (1990). A case is not moot if the court can still provide effective relief. State v. Turner, 98 Wn.2d 731, 733, 658 P.2d 658 (1983).

State v. Sansone, 127 Wn. App. 630, 636, 111 P.3d 1251 (2005).

Xie's claim is moot. We cannot provide effective relief in response to his assignment of error to the trial court's evidentiary sufficiency determination.

---

[6] Were Xie correct, every plaintiff who loses a CR 56 motion would be, as a matter of law, subject to RCW 4.84.185 sanctions. This is most obviously not the law.

Such relief would be dismissal of the claim in question. However, the trial court's merits ruling already dismissed the plaintiffs' claims against Xie with prejudice. Therefore, the trial court provided to Xie the relief that he sought in his dismissal motion. His motion requested no other relief.

Thus, Xie's assignment of error is moot. Xie's claim fails for this reason as well.

III

Both of the respondents in this matter request an award of appellate attorney fees. Their requests are denied.

Our rules of appellate procedure read, in pertinent part, as follows:

> **(a) Generally**. If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before . . . the Court of Appeals . . . , the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court.
> **(b) Argument in Brief**. The party must devote a section of its opening brief to the request for the fees or expenses.

RAP 18.1.

Chang and Le each fail to establish an entitlement to an award of attorney fees on appeal. Chang does not dedicate a section of her opening brief to a request for fees but, rather, includes her request as the last sentence of the conclusion to her brief. Therefore, her request fails to satisfy RAP 18.1(b) and is denied. Le does dedicate a section of her opening brief to her attorney fee award request, relying on RCW 4.84.185 for the proposition that Xie's appeal in this matter was frivolous. However, in Robinson v. Am. Legion Dep't of Washington, Inc., 11 Wn. App. 2d 274, 298, 452 P.3d 1254 (2019), we indicated

15

that whether RCW 4.84.185 authorizes an award of attorney fees on appeal was an unresolved question.  Despite the requirements of RAP 18.1(a) and (b), Le makes no attempt to establish that this open question should be resolved in her favor.  Thus, she fails to demonstrate an entitlement to a fee award.

Affirmed.

Dwyer, J.

WE CONCUR:

Díaz, J.                                       Coburn, J.